[Civ. No. 15011. First Dist., Div. One. June 11, 1951.]

MORTGAGE FINANCE CORPORATION et al., Appellants,
v. D. D. WATSON, Respondent.

Johnson, Morgan, Thorne & Speed for Appellants.

Edmund G. Brown, Attorney General, and Clarence A.
Linn, Deputy Attorney General, for Respondent.

THE COURT.—On April 3, 1951, petitioner was served
with an accusation filed by a deputy real estate commissioner
charging petitioner with certain violations of the provisions
of the Business and Professions Code and requesting disci-
pline of petitioner, a licensee of respondent. A hearing be-
fore a hearing officer was set for today, June 11, 1951, and
is presently going on. On June 8, 1951, petitioner applied
to the superior court for a restraining order to restrain the

contemplated hearing on the ground that the respondent was illegally proceeding to hold the hearing and that petitioner would suffer irreparable injury if such illegal hearing was held. The superior court denied the application and petitioner has appealed. It now asks this court to restrain the hearing on the ground that such restraint is necessary in aid of our appellate jurisdiction. It is claimed that an appeal from any order of the respondent would be worthless because, so it is averred, if such illegal order is issued the credit and standing of petitioner would be irreparably ruined.

The normal procedure would be for the petitioner to await a ruling of the administrative agency, to appeal if adverse, and to seek before the agency or the courts a supersedeas. Normally a litigant must exhaust these administrative remedies before he can properly appeal to the courts. (See *United States* v. *Superior Court,* 19 Cal.2d 189, 194 [120 P.2d 26].) Of course the inadequacy of the administrative remedy where irreparable injury is threatened may, in certain limited cases, warrant immediate injunctive relief, but we do not think petitioner has brought itself within this exception.

In view of the fact that judicial relief was not sought until three days before the scheduled hearing, and in view of the fact that the status quo now existing is that the hearing has already started, and in view of the fact that the alleged irreparable injury is in our opinion more imaginary than real, in that publicity has already been given to the charges and to the fact that a hearing is being held, we do not think this court should grant the extraordinary relief requested.

The petition for a restraining order is denied.