[Civ. No. 15571. First Dist., Div. Two. Oct. 19, 1953.]

JOHN E. BLAKE, Appellant, v. PUBLIC UTILITIES COMMISSION OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Albert E. Polonsky for Appellant.

Dion R. Holm, City Attorney, Jack G. McBride, Deputy City Attorney, and A. Dal Thomson, Public Utilities Counsel, for Respondents.

NOURSE, P. J.—This is an appeal from a judgment dismissing certiorari proceedings on the ground that the order sought to be reviewed was an appealable order.

Appellant's petition for a writ of review filed March 24, 1952, alleged in substance that he was employed as a general clerk-stenographer for the Municipal Railway of San Francisco, that on December 14, 1951, he received notice from the Public Utilities Commission of said city and county that charges had been preferred against him for inattention to duties; that on January 10, 1952, a hearing was held before J. H. Turner as hearing officer for said commission and that said J. H. Turner on January 16, 1952, discharged petitioner for inattention to duties; that there was no competent evidence whatever of such inattention to duties, and that therefore the discharge was in excess of jurisdiction and should be overruled.

It is undisputed that appellant's discharge is governed by section 154 of the charter of the city and county of San Francisco, that under said section J. H. Turner as appointing officer had jurisdiction to hear and determine the charges presented, that said section contains among others the provision: "The finding of the appointing officer shall be final,

unless within thirty days therefrom the dismissed employee appeals to the Civil Service Commission'' and that appellant did not take any appeal to said commission.

A writ of review does not lie where remedy by appeal is available (Code Civ. Proc., § 1068), but, whether the administrative appeal of section 154, *supra,* be considered an appeal in the sense of section 1068, Code of Civil Procedure, or not, it is at any rate established in this state as a fundamental rule that administrative remedies must be exhausted before redress may be had in the courts. (*Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280, 291 et seq. [109 P.2d 942, 132 A.L.R. 715]; *Alexander* v. *State Personnel Board,* 22 Cal.2d 198 [137 P.2d 433].) Appellant contends that this rule does not apply in his case because the alleged absence of any competent evidence to support the decision causes the decision to be in excess of jurisdiction and therefore absolutely void and subject to collateral attack at any time. In this he is mistaken.

The excess of jurisdiction which, if other requirements are fulfilled, can be reviewed by means of certain writs covers a much wider field than the lack of all judicial authority or lack of jurisdiction over the person or over the subject matter which completely invalidates a judgment and under certain conditions subjects it to collateral attack. (10 Cal.Jur.2d 54 et seq.) Although complete absence of supporting evidence causes a decision to be reviewable by certiorari if all other conditions for such review are fulfilled (10 Cal.Jur.2d 61, § 16) such decision is not absolutely void. Moreover even the remedies available against an absolutely void judgment or order may well be limited. Thus, when appeal lies from a void judgment or order, certiorari is not available whatever the character of the invalidity. (See *Phelan* v. *Superior Court,* 35 Cal.2d 363 [217 P.2d 951].) With respect to exhaustion of administrative remedies itself, it is said in *United States* v. *Superior Court,* 19 Cal.2d 189, 194 [120 P.2d 26] : ''The respondents apparently contend that the requirement of exhaustion of administrative remedies applies only to erroneous orders and does not preclude judicial interference where, as here, an order is assailed as a nullity because illegally adopted and where the agents for enforcement appointed thereunder are charged with being mere pretenders claiming powers which they do not lawfully possess. But there is no substantial difference, insofar as the necessity for

resort to administrative review is concerned, between an erroneous order and one which, it is claimed, is being executed in violation of statutory authority." However in *Security-First Nat. Bank* v. *County of Los Angeles,* 35 Cal.2d 319, 321 [217 P.2d 946] it is said that as to a taxpayer seeking judicial relief from an erroneous assessment an exception to the requirement of exhaustion of administrative remedies is made when the attempted assessment is a nullity because the property is either tax exempt or outside the jurisdiction. On this and similar cases 2 Cal.Jur.2d 307, 308 bases the following general statement: "The courts recognize a distinction between administrative action which is beyond the scope of its power or is a nullity in any event, and action which may be invalid because of defects growing out of the administrative process. Thus, where the agency acts wholly without jurisdiction, its action is void, and the doctrine of exhaustion of administrative remedies does not apply. But where the issues could have been raised and possibly disposed of during the administrative process, the exception is not applicable."

We need not investigate whether this statement is correct in its generality and how it relates to the quoted language of *United States* v. *Superior Court, supra,* because even if the distinction made is correct there can be no doubt that the lack of all supporting evidence would be a defect in the administrative process, which could have been raised on the administrative appeal and which does not involve total lack of jurisdiction. Appellant should have exhausted his administrative remedy before resorting to court action.

Judgment affirmed.

Goodell, J., concurred.