[Civ. No. 15946. First Dist., Div. One. Aug. 18, 1954.]

UNITED INSURANCE COMPANY OF CHICAGO, ILLINOIS (a Corporation) et al., Respondents, v. JOHN R. MALONEY, Individually and as Insurance Commissioner, Appellant.

Edmund G. Brown, Attorney General, and Harold B. Haas, Deputy Attorney General, for Appellant.

Jesse H. Steinhart, John J. Goldberg and Neil E. Falconer for Respondents.

BRAY, J.—Appeal from an order of the superior court granting a preliminary injunction restraining defendant pendente lite from proceeding to hear certain accusations against plaintiffs.

## QUESTION PRESENTED

Does the rule of exhaustion of administrative remedies apply?

## RECORD

Accusations were filed with the California Insurance Commissioner charging United Insurance Company and its California general agents, the individual plaintiffs, with misrepresentations in the sale of its commercial disability (sickness and health) insurance policies, and doing business in bad faith. The particular charges resolve themselves into a claim that in its advertisements, circulars and in the representations by the agents the policies are represented as covering all sickness and health and no mention is made of the exceptions. The accused filed notice of defense. A hearing was set and continued on two occasions at their request. Then the accused, respondents here, brought a proceeding in the superior court to restrain appellant from proceeding with the hearings, on the ground primarily that the same types of representations have been used by similar companies in California for many years and still are; that the contents of the literature had been discussed with the commissioner's office and not objected to;

that no similar accusations had been filed against any other insurance company, with one exception; that the commissioner did not intend to file against any other company; that the commissioner knowingly and intentionally was discriminating against respondents, thereby depriving them of due process and equal protection of the law. Allegations of irreparable damage already accrued and to accrue if the hearing is had, are made. The trial court upon the records and affidavits granted a preliminary injunction. This appeal is from the order granting such injunction.

## CONTENTIONS

It is conceded that an intentional and knowing discrimination in the enforcement of an otherwise valid law, if it existed, would be a violation of the equal protection clause of the 14th Amendment of the United States Constitution. (See *Yick Wo* v. *Hopkins*, (1886) 118 U.S. 356 [6 S.Ct. 1064, 30 L.Ed. 220, 227].)

Defendant contends that before plaintiffs may resort to the courts for injunctive relief to prevent the commissioner from hearing said accusations, plaintiffs must exhaust their administrative remedies, one of which is to present at the hearing their defense based on the claimed discrimination. Plaintiffs are doubtful if such defense may be presented before the commissioner, but, in any event, contend that there is an exception to the general rule requiring the exhaustion of administrative remedies where irreparable damage is threatened by invalid and illegal administrative action.

## ADMINISTRATIVE REMEDY RULE

We entertain no doubt that the claim of intentional discriminatory application of the law is a defense which properly may be presented to an administrative officer in an accusatory proceeding. See *Security-First Nat. Bank* v. *County of Los Angeles*, 35 Cal.2d 319 [217 P.2d 946], and cases there cited holding that a taxpayer seeking judicial relief from an erroneous assessment must have exhausted his remedies before the administrative body empowered initially to correct the error, even though he claims that the tax is discriminatory in violation of constitutional mandates. Section 11506, Government Code, dealing with procedure in such matters, states that in the notice of defense to the accusation the person accused may "Present new matter by way of defense." A charge of unconstitutional action goes to the very jurisdiction of the administrative officer or body to entertain the proceeding and

hence is a matter which he or it must consider and decide at the outset of the proceeding. (See *Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280, 303 [109 P.2d 942, 132 A.L.R. 715].)

The general rule requiring exhaustion of administrative remedies before equitable relief can be granted is well established. There are innumerable federal and state authorities upholding the rule. As said in *Abelleira* v. *District Court of Appeal, supra,* 17 Cal.2d 280, 292, "The California cases have consistently applied this settled rule." See that case for a long list of cases on the subject. Among the many California cases following the rule are *United States* v. *Superior Court,* 19 Cal.2d 189 [120 P.2d 26]; *Brock* v. *Superior Court,* 109 Cal.App.2d 594 [241 P.2d 283]; *Security-First Nat. Bank* v. *County of Los Angeles, supra,* 35 Cal.2d 319; *Woodard* v. *Broadway Fed. Sav. & L. Assn.,* 111 Cal.App.2d 218 [244 P.2d 467]; *Blake* v. *Public Util. Com.,* 120 Cal.App. 2d 671 [261 P.2d 773].

The exception to the rule which exception plaintiffs would apply in this case is the one referred to, but not applied, in *Abelleira* v. *District Court of Appeal, supra,* 17 Cal.2d 280, and *United States* v. *Superior Court, supra,* 19 Cal.2d 189. That exception is to the effect that injunctive relief may be granted against invalid administrative action if irreparable damage will occur if the person affected were required to exhaust his administrative remedies. An example of the application of the exception is given in *Abelleira* v. *District Court of Appeal, supra,* 17 Cal.2d 280, at page 296, where the court points out that where an administrative body imposes a confiscatory rate on a public utility, the continued operation of the business at the rate imposed pending an appeal might in some instances be so unprofitable as to amount to a destruction of the business and therefore taking property without due process of law. The courts in such cases issue injunctions to stay the enforcement of the new rate until a final determination of its validity, in order to protect the constitutional rights of the petitioning utilities. However, in all the cases cited by counsel or which we have been able to find on the subject, there are none in which the type of action taken by the administrative body was merely setting an accusation or other matter for hearing, nor was the type of injury which may result to a person from the fact of a hearing one which was considered as the irreparable injury necessary for the application of the exception. Thus, the cases seem to require for its application some action by the administrative body more than setting a matter

for hearing, and some injury more than that caused by the fact of hearing, and the only cases discussing the attempted application of the exception to hearings flatly hold that the latter do not come within the exception. In *Myers* v. *Bethlehem Shipbuilding Corp.*, 303 U.S. 41 [58 S.Ct. 459, 82 L.Ed. 638], cited in the Abelleira case, *supra,* page 292, a complaint had been filed by the National Labor Relations Board against an employer charged to be engaged in unfair practices prohibited by the National Labor Relations Act. In reversing the decree of the district court, which had been affirmed by the Circuit Court of Appeals for the First Circuit, the Supreme Court referred to the fact that the employer contended that it was not engaged in the type of commerce that would bring it within the act and that as is claimed by plaintiffs here, a hearing on the charges would subject it to irreparable damage violating rights guaranteed by the federal Constitution. The court then said (pp. 50-52) : "The contention is at war with the long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. That rule has been repeatedly acted on in cases where, as here, the contention is made that the administrative body lacked power over the subject matter.

"Obviously, the rule requiring exhaustion of the administrative remedy cannot be circumvented by asserting that the charge on which the complaint rests is groundless and that the mere holding of the prescribed administrative hearing would result in irreparable damage. Lawsuits also often prove to have been groundless; but no way has been discovered of relieving a defendant from the necessity of a trial to establish the fact."

In a footnote, pages 51-52, the court cites the following cases holding that the sort of injury or damage done to an employer's business by the holding of hearings by the National Labor Relations Board is not the type of irreparable injury permitting equitable interference with the administrative process; *Clark* v. *Lindemann & Hoverson Co.*, 88 F.2d 59; *Bradley Lbr. Co.* v. *National Labor Relations Board,* 84 F.2d 97; *Heller Bros. Co.* v. *Lind,* 86 F.2d 862; *Richmond Hosiery Mills* v. *Camp,* 74 F.2d 200.

In *Federal Power Com.* v. *Metropolitan Edison Co.*, 304 U.S. 375 [58 S.Ct. 963, 82 L.Ed. 1408], the court said (p. 385) : "So, attempts to enjoin administrative hearings because of a supposed or threatened injury, and thus obtain

judicial relief before the prescribed administrative remedy has been exhausted, have been held to be at war with the long-settled rule of judicial administration.''

In *Chamber of Commerce* v. *Federal Trade Com.*, 280 F. 45, an action in the Circuit Court of Appeals for an order requiring the Federal Trade Commission to certify to that court for review and determination an order of investigation, the court said (pp. 48-49) : ''The real gist of the complaint here is that it is claimed, and with plausibility, that the chief petitioner is not subject to the jurisdiction of the Federal Trade Commission; that the commission is proceeding erroneously and in excess of its powers; that the taking of the testimony before a final order can be made will be very expensive; and that a grievous burden is being inflicted upon petitioners, for which an ultimate setting aside of any order that may be made will not adequately compensate them. This is true in some degree of any order of the commission which may finally be set aside. The law does not contemplate that commissions of this nature will act arbitrarily nor without probable cause. It is, of course, conceivable that they may do so; but such a possibility cannot justify this court in exceeding its statutory powers and authority. To do so would be to deny to the administrative and legislative branches of the government the powers and authority which have been conferred upon them, and which have been uniformly upheld by the courts.''

That the commissioner's order fixing the accusations for hearing is not the type of order or action contemplated in the exception is shown by the following statement from *Federal Power Com.* v. *Metropolitan Edison Co.*, *supra*, 304 U.S. 375, 385 : ''The Commission's order of January 26, 1937, (a) fixing a date for hearing, (b) required respondents to appear, and (c) required them to produce the information and documents described. In fixing a date for hearing, the order was nothing more than a notice. *United States* v. *Illinois Central R. Co.*, *supra* [244 U.S. 82 (37 S.Ct. 584, 61 L.Ed. 1007)] 89.''

To the same effect is *South Porto Rico Sugar Co.* v. *Munoz*, 28 F.2d 820. In this case the court said (p. 821) : ''If we assume for the moment that this Public Service Commission has no jurisdiction, the issuance of an order of notice was no such assertion of authority or threat of irreparable injury as to warrant injunctive interference by the court. It would not follow that, on appearance and argument, the commission

would adhere to an erroneous view as to the nature and extent of its jurisdiction."

That the publicity attendant upon an administrative hearing does not constitute such damage as to entitle one to interference by the courts is shown in *Mortgage Finance Corp.* v. *Watson,* 104 Cal.App.2d 640 [232 P.2d 54], where the court pointed out that, as here, "publicity has already been given to the charges and to the fact that a hearing is being held . . . " (P. 641.)

Plaintiffs fail to point out how their claimed damage from the fact of a hearing is different in kind from those which in the cases hereinbefore cited have been held not to constitute irreparable damage. They attempt to do so by claiming that the action of the commissioner is unconstitutional and discriminatory and that such action itself constitutes irreparable damage. But as shown by the cases herein discussed, it never has been held that the mere holding of a hearing comes within the rule of irreparable damage (see quotation, pages 5-6, from *Myers* v. *Bethlehem Shipbuilding Corp.,* 303 U. S. 41 [58 S.Ct. 459, 82 L.Ed. 638]).

"And even where the statute sought to be applied and enforced by the administrative agency is challenged upon constitutional grounds, completion of the administrative remedy has been held to be a prerequisite to equitable relief. (Citing cases.) If, under the rule applied in these cases, an attack upon the constitutionality of the statute does not remove the necessity for following the prescribed administrative remedy, then clearly injunctive aid may not be had where, as here, the validity of a single regulation promulgated under such a statute is challenged." (*United States* v. *Superior Court, supra,* 19 Cal.2d 189, 195.) See *Allen* v. *Grand Central Aircraft Co.,* 347 U.S. 535 [74 S.Ct. 745, 98 L.Ed. 933], where it is said: ". . . it is clear that once the right of the Government to hold administrative hearings is established, a litigant cannot enjoin them merely because they might jeopardize his bank credit or otherwise be inconvenient or embarrassing . . . '[T]he expense and annoyance of litigation is "part of the social burden of living under government." ' " (P. 748.)

Plaintiffs contend whether or not the exception above mentioned applies, they are entitled to relief on the theory that the courts will enjoin an intentional and knowing discrimination by a public official in the enforcement of a valid law. For this contention, they rely on such cases as *Yick Wo* v.

*Hopkins, supra,* 118 U.S. 356; *Wade* v. *City & County of San Francisco,* 82 Cal.App.2d 337 [186 P.2d 181]; *Brock* v. *Superior Court,* 12 Cal.2d 605 [86 P.2d 805]; *French Art Cleaners* v. *State Board of Dry Cleaners,* 91 Cal.App.2d 890 [206 P.2d 25]; *Downing* v. *State Board of Pharmacy,* 85 Cal. App.2d 30 [192 P.2d 39]; *Davis* v. *Cook,* 80 F.Supp. 443; *Carter* v. *School Board of Arlington County, Va.,* 182 F.2d 531.

It should be noted that in only two of these cases was the rule of exhaustion of administrative remedies raised or discussed, while in the following cases where the alleged discrimination of the public officer or body was the, or one of the, grounds, upon which injunctive relief was sought, such relief was denied: *Security-First Nat. Bank* v. *County of Los Angeles, supra,* 35 Cal.2d 319, 321; *Luce* v. *City of San Diego,* 198 Cal. 405 [245 P. 196]; *Dawson* v. *County of Los Angeles,* 15 Cal.2d 77 [98 P.2d 495]; *De Mille* v. *County of Los Angeles,* 25 Cal.App.2d 506 [77 P.2d 905]. The two cases above mentioned in which it was held that administrative remedies need not be exhausted were *Davis* v. *Cook, supra,* 80 F.Supp. 443, involving the discriminatory practice of unequal pay schedules between white and Negro teachers, and *Carter* v. *School Board of Arlington County, Va., supra,* 182 F.2d 531, involving discrimination in school facilities between Negro and white students. No discussion of the reason for not applying the exhaustion rule in these cases is given, and they seem to be the only exception of this type to the rule. Apparently the well known attitude of school authorities in Georgia and Virginia made such an exception necessary. The exception has not been applied to hearings by administrative bodies even though it is charged that, as here, application to such bodies would be futile. That contention was made in *First Nat. Bank* v. *Weld County,* 264 U.S. 450 [44 S.Ct. 385, 68 L.Ed. 784]. There it was contended that the taxes levied against the plaintiff were excessive, discriminatory and illegal. In answering the contention of futility, the court said (p. 454): ". . . we cannot assume that if application had been made to the Commission proper relief would not have been accorded by that body . . ." In *Abelleira* v. *District Court of Appeal, supra,* 17 Cal.2d 280, it was contended that it would be futile for the petitioners to appeal to the California Employment Commission from the ruling of its referee on claims for unemployment benefits (the administrative remedy provided by the California Unemployment In-

surance Act). for the reason that "the commission had already decided cases on similar facts against their present position . . . " (P. 300.) Concerning this contention the court said (p. 301) : ". . . their position is unsound in principle and unsupported by the better authorities, for it was early perceived that to countenance this view would break down the rule of exhaustion of remedies. . . . The whole argument rests upon an illogical and impractical basis, since it permits the party applying to the court to assert without any conclusive proof, and without any possibility of successful challenge, the outcome of an appeal which the administrative body has not even been permitted to decide. This argument, though successful in a few cases, has been rejected by the weight of authority. In *Gilchrist* v. *Interborough Rapid Transit Co.*, 279 U.S. 159, 209 [49 S.Ct. 282, 73 L.Ed. 652], the court said that orderly action could not be defeated 'by alleging an intent to deny the relief sought.' And in *Red River Broadcasting Co.* v. *Federal Communications Com.*, *supra* [98 F.2d 282 (69 App.D.C. 1)], the opinion states: 'Appellant seeks further to excuse its failure, affirmatively to seek administrative relief, by contending that, even if it had attempted to do so, its request would have been denied; consequently, that its attempt would have been a futile and useless gesture. We cannot assume that consequence. If under such circumstances relief had been sought and denied, then there would have been basis for appeal . . . It cannot be heard to complain in this court that there was danger of refusal when it made no effort to do so.' (See also *United States Nav. Co.* v. *Cunard S. S. Co.*, 284 U.S. 474, 488 [52 S.Ct. 247, 76 L.Ed. 408]; *United States* v. *Felt & Tarrant Mfg. Co.*, 283 U.S. 269, 272 [51 S.Ct. 376, 75 L.Ed. 1025].)" As also said in the Abelleira case (p. 286) : "The question here is whether boards and commissions, charged with the administration of a statute, may carry on their administrative proceedings to completion before being subjected to judicial review. The importance of that issue can hardly be overestimated, since a curtailment of administrative jurisdiction usually means an enlargement of the duties of the courts in a field in which the courts traditionally are reluctant to enter."

With the possible exception of the segregation cases above mentioned, the exhaustion rule has been applied to cases where it was charged that the action of the administrative body was discriminatory. Thus in *Stanley* v. *Supervisors of Al-*

*bany,* 121 U.S. 535 [75 S.Ct. 1234, 30 L.Ed. 1000], where it was held that the plaintiffs should have followed their administrative remedy, one of the claimed grounds for intervention by the court was that defendant discriminated in the assessment of taxes in favor of state bank stocks as against national bank stocks. A similar situation existed in *First Nat. Bank* v. *Weld County, supra,* 264 U.S. 450; *Security-First Nat. Bank* v. *County of Los Angeles, supra,* 35 Cal.2d 319.

Cases cited by plaintiffs in which the discriminatory enforcement of a penal law or ordinance has been enjoined are not in point for the reason that they were not dealing with a proposed hearing by an administrative board or officer but with an arrest or threatened arrest caused by such board or officer. Thus, in *Wade* v. *City & County of San Francisco,* 82 Cal.App.2d 337 [186 P.2d 181], and in *Yick Wo* v. *Hopkins, supra,* 118 U.S. 356, the petitioners were threatened with arrest for alleged violation of certain ordinances. *Brock* v. *Superior Court, supra,* 12 Cal.2d 605, dealt with the attempted enforcement by the Director of Agriculture and others of a plan already adopted under what was claimed to be an unconstitutional law. In *French Art Cleaners* v. *State Board of Dry Cleaners, supra,* 91 Cal.App.2d 890, the board had already made and was seeking to enforce certain price orders.

In none of these cases was there any discussion of the exhaustion rule as there were no administrative remedies to be applied.

In *Downing* v. *State Board of Pharmacy, supra,* 85 Cal.App. 2d 30, we said (p. 36) : "If law enforcement officers attempt to enforce a criminal statute arbitrarily and in a discriminatory manner, such action may be restrained by the courts." But that is a long way from holding that because of charges that an administrative officer is acting arbitrarily and in a discriminating manner in holding an investigatory hearing, the courts may interfere.

Cases cited by plaintiffs such as *Brock* v. *Superior Court,* 11 Cal.2d 682 [81 P.2d 931], *Agricultural Prorate Com.* v. *Superior Court,* 5 Cal.2d 550 [55 P.2d 495], *Agricultural Prorate Com.* v. *Superior Court,* 31 Cal.App.2d 518 [88 P.2d 253], *State Comp. Ins. Fund* v. *Maloney,* 121 Cal.App.2d 33 [262 P.2d 662], *Columbia Broadcasting System* v. *United States,* 316 U.S. 407 [62 S.Ct. 1194, 86 L.Ed. 1563], are not in point. In every one the administrative board or officer had already acted by issuing an order which it was claimed was invalid or dis-

criminatory and the carrying out of which would cause irreparable injury if the order should turn out to have been illegal or improper.

Because the order fixing hearing and the hearing proposed here are not the types of action to bring plaintiffs within the exception to the exhaustion rule mentioned in *Abelleira* v. *District Court of Appeal, supra*, 17 Cal.2d 280, and *United States* v. *Superior Court, supra*, 19 Cal.2d 189, nor is the type of damage to be suffered by plaintiffs from the holding of the proposed hearing the type of damage considered irreparable within the exception rule, and because of plaintiffs' failure to exercise their administrative remedy, the trial court had no discretion in the matter and should have refused to issue a preliminary injunction.

The order is reversed.

Peters, P. J., and Wood (Fred B), J., concurred.

A petition for a rehearing was denied September 17, 1954, and respondents' petition for a hearing by the Supreme Court was denied October 13, 1954.