Levesta SHOATES, Edgar Triplett and Floyd Lee, Plaintiffs,

v.

David L. HOWERY, County Superintendent, LeFlore County, Oklahoma; T. L. Ferguson, County Treasurer, LeFlore County, Oklahoma; The Excise Board of LeFlore County, Oklahoma; Dr. Herman Thomas, Chairman; John H. Young, Member, Heavener; Harvery Bryan, Member, Spiro, Oklahoma, Defendants.

Civ. A. No. 3832.

United States District Court
E. D. Oklahoma.

April 9, 1955.

D. L. Grace, Ft. Smith, Ark., and Joe H. Kennedy, Muskogee, Okl., for plaintiffs.

Joseph W. Foster, County Atty., LeFlore County, and Alpheus Varner, Poteau, Okl., for defendants.

WALLACE, District Judge.

Plaintiffs, colored citizens of LeFlore County, Oklahoma, ask for a judicial declaration that the attempted dissolving of the Fort Coffee District (Dependent School District No. 82) and annexing of the territory therein to the Spiro Independent School District (No. 2) violated Oklahoma law and deprived plaintiffs of guaranteed federal constitutional rights.[1] In addition, plaintiffs request that the defendant officials be required to recognize the present existence of said dependent school district [2] and to designate the colored school as the district's majority school.[3]

1. Plaintiffs allege in part "Petitioners herein are members of the Negro Race and appear for themselves and numerous others similarly situated in Independent (sic). School District No. 82, LeFlore County, Oklahoma," and thus come within Fed.Rules Civ.Proc. rule 23(a), 28 U.S.C.A. dealing with Class Actions. Among other allegations, plaintiffs urge, "13. * * * that the Defendants and each of them both jointly and severally neglected, failed and refused to organize and provide financial assistance for School District No. 82 for the sole and only reason that your petitioners are members of the Negro race" and "14. That the Plaintiffs are deprived of their financial legal lawful monies and property together with their rights and privileges as citizens of the State of Oklahoma and the United States of America as is made, set out, and provided for in the constitution and laws of the State of Oklahoma, the 5th and 14th Amendment to the constitution and laws of the United State (sic) of America as provided for in Title 28 U.S. C.A. and U.S.Code, section [41] 12, 14 and 15. [Now § 1343(1, 2, 3)] "

2. On July 5, 1953, the Oklahoma State Board of Education declared the Fort Coffee District disorganized; and, annexed the same to the Spiro Independent District. Such was done after the close of the 1953 school year wherein the average daily attendance of the district school (the white, or common school) dropped below 13.

3. Prior to dissolution the only school supported by the district was the white common or district school, which was established when the majority of the school population in the district was white. At the time of the dissolution of the district the majority of the school population within the territorial limits of the district was colored; and, the colored students were being schooled in a county separate school supported by a county-wide levy. Plaintiffs assert that rather than dissolve the school district the colored school should have been designated the district school by the County Superintendent of Schools under authority granted in 70 Okl.Stat.1951, § 5–3.

No testimony was introduced as the facts are uncontroverted. Based on admissions contained in the pleadings and stipulations of counsel at pre-trial, the case was submitted to the Court on the issues of law.

The Court enquired into the merits of the case by virtue of plaintiffs' allegations charging deprivation of civil rights.[4] However, the Court has concluded that the agreed upon facts and arguments advanced by counsel demonstrate that the gist of plaintiffs' grievance centers on an interpretation of state law;[5] and, that the gravamen of plaintiffs' complaint does not involve an intentional discrimination in the enforcement of an otherwise valid law thus giving this Court authority to grant redress based upon civil rights encroachments.[6]

The crux of the instant controversy is whether the defendant officials have properly construed the statutes of Oklahoma in dissolving said dependent school district and in annexing the territory thereinto an adjacent organized district. Although the officials may have erred in their understanding of the local law, and in their conduct pursuant to such understanding, there is no evidence that the action taken by the Board of Education differed in any way from the rule always followed by said Board regardless of the races involved; and, in the instant case the impact of the Board's ruling was felt by the white as well as the colored persons residing within the district.[7]

In addition, it is this Court's impression that the action taken by the defendants was in accordance with the applicable local law as now written;[8] and, did not of itself amount to a failure to give equal protection to all persons or races. It may well be that the Oklahoma statutes are vulnerable to constitutional challenge because of the segregation rationale which underlies them; however, such

---

4. See in particular 28 U.S.C.A. § 1343. Under this statute neither diversity of citizenship, see Bottone v. Lindsley, 10 Cir., 1948, 170 F.2d 705, nor amount in controversy, see Douglas v. City of Jeannette, 1934, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324, need be alleged.

5. That is, did the Oklahoma School Board, in conformity with its previous administrative custom have the authority to disorganize the district when the attendance of the district school (regardless of color) fell below the required attendance.

6. Even though a statute or ordinance is fair on its face and impartial in appearance, yet if it is administered by public authority so as to illegally discriminate between persons similarly situated the denial of justice is still within the prohibition of the Constitution. Yick Wo v. Hopkins, 1886, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220; and, an intentional and knowing discrimination in enforcement of an otherwise valid law violates the equal protection clause of the 14th Amendment. United Ins. Co. of Chicago, Ill. v. Maloney, 1954, 127 Cal.App.2d 155, 273 P.2d 579.

7. The white children living within the district are now required to attend school in the Spiro District. Although the colored school was not declared the district school at the time of the dissolution of the district, the colored children living in the area in question do still attend the same school, which concededly is adequately staffed and has sufficient facilities. This school receives its support by a county-wide tax levy as do all separate schools.

8. As provided in 70 Okl.Stat.1951 § 7–2: "(c) Whenever any school district shall have had an average daily attendance for one (1) year of less than thirteen (13) or shall have failed to maintain school within the district for one (1) year, the State Board of Education shall declare such district to be disorganized and shall annex the territory comprising such district to the district or districts, maintaining transportation within the transportation area or areas in which such territory is located." Thus, in the instant case the Oklahoma Board of Education counted the daily attendance of the district school, as distinguished from the county separate school, which practice has been followed for many years. Absent a showing that such construction has been used in a discriminating manner, this administrative practice should receive great weight in interpreting such statute. See Crosbie v. Partridge, 1922, 85 Okl. 186, 205 P. 758. Cf. Elliott v. State ex rel. Kirkpatrick, 1941, 150 Okl. 275, 1 P.2d 370; McCain v. State Election Board, 1930, 144 Okl. 85, 289 P. 759.

issue is not before this Court. Only the construction of the Oklahoma law, and not the constitutionality of the statutes is raised in this suit.

The instant case should be dismissed. Plaintiffs must prosecute their cause of action in the proper state forum.[9]

9. It is the Court's understanding that at this time there is a case pending in the State District Court of LeFlore County, No. 14587, involving the same general issues raised in the case at bar.