[Civ. No. 23373.   Second Dist., Div. Three.   June 30, 1959.]

IRVING S. TUSHNER et al., Plaintiffs and Appellants, v.
F. W. GRIESINGER, as Real Estate Commissioner of
the State of California, et al., Defendants and Appellants.

Alvin Hirsch and A. Becker for Plaintiffs and Appellants.

Edmund G. Brown and Stanley Mosk, Attorneys General, Lee B. Stanton and Neal J. Gobar, Deputy Attorneys General, for Defendants and Appellants.

WOOD (Parker), J.—This is an action for declaratory relief and for an injunction.

Plaintiffs Tushner and Ragins were licensed real estate brokers and were partners doing business as such licensees under the partnership name of Union Mortgage Company. That company was also licensed as a real estate broker. (It was licensed to act through the members of the partnership.) Plaintiff Lanet, also a licensed real estate broker, was an employee of the partnership.

In two accusations, filed by a deputy real estate commissioner, the licensees were charged with violating certain code provisions relative to negotiating loans as agents of borrowers. In the prayers of those accusations, it was asked that the matters be set for hearing and, upon proof of the charges, that the commissioner suspend or revoke the licenses.

The licensees filed defenses to the accusations, including the special defenses of lack of jurisdiction and the unconstitutionality of code provisions. After those special defenses had been overruled, and while a further hearing on the accusations was pending, three of the licensees (Tushner, Ragins, and Lanet) commenced this present action in the superior court seeking to enjoin the Real Estate Commissioner, the Division of Administrative Procedure, and the hearing officer from proceeding further with the hearing on the accusations. The plaintiffs also sought a declaration that the code provisions (alleged to have been violated) were unconstitutional. The court denied the injunction; and declared that the code provisions were constitutional. Plaintiffs Tushner and Ragins appeal from the judgment. (Plaintiff Lanet did not appeal.)

The defendants (commissioner, Division of Administrative Procedure, and the hearing officer) filed a notice of appeal

in which they state that they appeal "from that portion of the Judgment . . . which holds that the Superior Court had jurisdiction to determine the constitutionality . . . of the statutes and rules involved. . . ."

The two accusations were filed on April 4, 1957. In one accusation the Union Mortgage Company, a partnership, and Tushner and Ragins, as members of the partnership, were accused of violating certain provisions of the Real Property Loan Brokerage Act (Civ. Code, §§ 3081.2, subd. (a), 3081.3, subd. (a), 3081.3, subd. (c) and 3081.92), and certain provisions of the Business and Professions Code (§§ 10176, subd. (a), 10176, subd. (d), 10176, subd. (i), 10176.1, 10177, subdivision (d), 10177, subdivision (f), 10177, subdivision (j)), and certain provisions of the Administrative Code (§§ 2843 and 2844, tit. 10). In one count of that accusation Tushner was charged with violating sections 10177, subdivision (a), and 10177, subdivision (b) of the Business and Professions Code.

In the other accusation the Union Mortgage Company, Tushner, Ragins, and the employee Lanet were charged with violating certain provisions of said brokerage act (Civ. Code, § 8031.1, apparently intended to be § 3081.1) and certain provisions of the Business and Professions Code (§§ 10176, subdivision (a), 10176, subdivision (i), 10176.1 and 10177, subdivision (f)).

The Union Mortgage Company, Tushner, and Ragins filed defenses to the accusation first above referred to, and they alleged therein, among other things, that the said code provisions which they were accused of violating were unconstitutional, and therefore the commissioner was without jurisdiction to proceed in the matter. They also alleged in their defenses that numerous other brokers were conducting their businesses in the same general manner as said licensees were conducting their business; the commissioner knew that said licensees had conducted their business in accordance with the general practice in the industry; the commissioner had not filed any formal accusation against any other person or firm; the said licensees were singled out for an intentional discriminatory application of the law in violation of the equal protection clauses of the Constitution of the United States and the Constitution of California; the prosecution of the accusation was causing irreparable injury to the reputation, credit, and business of the licensees.

The four licensees (including Lanet) filed defenses to the other accusation, and they alleged therein, among other things, that the said code provisions which they were accused of violating were unconstitutional, and therefore the commissioner was without jurisdiction to proceed in the matter. (In their defenses to this accusation, they did not allege discriminatory application of the law.)

On July 22, 1957, a hearing on the special defenses (lack of jurisdiction and unconstitutionality of code provisions) was held before a hearing officer of the Division of Administrative Procedure. At the conclusion of the hearing, the hearing officer made orders which stated, among other things, that the defenses based upon the unconstitutionality of the code provisions were overruled. Thereafter the accusations were set for a hearing to be held on October 7, 1957.

On September 20, 1957 (while the hearing was pending), this present action was commenced.

In the first cause of action, it was alleged: That plaintiffs were licensed real estate brokers and were engaged primarily in the business of negotiating loans as agents for borrowers. On April 4, 1957, the Real Estate Commissioner filed accusations charging plaintiffs with certain violations of the Business and Professions Code, Civil Code, and provisions of title 10 of the Administrative Code. Copies of the accusations were attached to the complaint. Plaintiffs filed notices of their defenses to the accusations. Copies of their defenses were attached to the complaint. Thereafter the commissioner requested in writing that a preliminary hearing be held before a hearing officer assigned by the Division of Administrative Procedure for the purpose, among other things, of determining and making a preliminary ruling "binding the respondents [the accused] herein" with respect to their defenses as to the constitutionality of the statutes, and as to the jurisdiction of the commissioner. Pursuant to said request a hearing was held on July 22, 1957, before a hearing officer. At the hearing, the hearing officer stated that he was without jurisdiction to rule upon the constitutionality of said statutes or to rule upon the question of the jurisdiction of the commissioner "as affected by the unconstitutionality of said statutes"; and he said that he would not rule upon such issues. The hearing officer permitted the parties to present argument and authorities with respect to such issues. About July 23, 1957, the hearing officer made an order in each accusation, overruling plaintiffs' defenses. Copies of the orders were attached to the complaint. By

reason of said orders plaintiffs are greatly aggrieved and "will be required to go to hearing" on the accusations which are based on statutes which are unconstitutional and void, and by reason thereof the commissioner is without jurisdiction. At said preliminary hearing the hearing officer stated that he would retain jurisdiction and conduct hearings on the merits of the accusations at a future date. Plaintiffs will be compelled to submit to hearings before a hearing officer who has stated that he will not rule upon the defenses pertaining to unconstitutionality or jurisdiction. Plaintiffs have received notices that a hearing on the accusations will be held on October 7, 1957. Unless the defendants are restrained, they intend to proceed with the hearing on October 7, 1957.

The complaint refers to the code provisions which are mentioned in the accusations; and the complaint alleges that each of those provisions is unconstitutional upon certain grounds (therein specified).

The complaint alleges further that the filing and prosecuting of the accusations have caused and will cause plaintiffs irreparable damage in that such filing and prosecuting will impair the credit, reputation, and good will of the plaintiffs and their business; and that plaintiffs have no plain, speedy, or adequate remedy at law. The complaint alleges that, as a result of the filing and prosecuting of the accusations, plaintiffs have suffered irreparable damage in that many of their advertising agencies have refused to accept their advertising, and various lenders refuse to make loans, and the earnings of the plaintiffs have been greatly reduced.

The complaint also alleges that "the entire Administrative Procedure Act being chapter 5 of part I of division 3 of title 2 of the Government Code, more particularly identified as sections 11500 to 11529 inclusive, of the government code" is unconstitutional upon certain grounds (therein specified).

In the second cause of action of the complaint, it is alleged that the acts of plaintiffs as set out in the accusations were in accord with the practices existing throughout the industry in southern California; and the commissioner has singled out plaintiffs for prosecution notwithstanding that he knew that numerous other loan brokers were conducting business in the same manner as plaintiffs were conducting their business; that such discriminatory application of said statutes against plaintiffs is unconstitutional.

The prayer is for a declaration that said statutes are uncon-

stitutional; and for an injunction restraining defendants from enforcing said statutes against the plaintiffs.

Defendants demurred to the complaint on the grounds that the court had no jurisdiction of the subject matter of the action, and that the complaint does not state facts sufficient to constitute a cause of action. The demurrer was overruled.

Defendants, in their answer, denied that the code provisions were unconstitutional; denied that plaintiffs had been or would be irreparably damaged by the administrative proceedings; and denied that the commissioner was proceeding with intentional discrimination in enforcing the law against plaintiffs. Defendants alleged that the complaint fails to state a cause of action in that it appears therefrom that the administrative proceedings had been commenced against plaintiffs and, by reason thereof, plaintiffs had failed to exhaust their administrative remedies.

The court stated, in its findings, that the code provisions are constitutional; the defendants had acted within the scope of their jurisdiction; the administrative hearings on the merits of the accusations had not been completed; the only injury suffered by plaintiffs was ''the loss of some clients and an advertiser, which is no more than that normally incident to the publicity arising from such proceedings.'' The court stated, in its conclusions of law, that the court had ''jurisdiction to determine the constitutionality of statutes prior to a final ruling by an agency on that issue, where the agency is conducting an administrative hearing which is in progress when the statutes under which the administrative agency is proceeding are alleged to be unconstitutional; that under such circumstances neither the primary jurisdiction rule nor the doctrine of the exhaustion of administrative remedies are applicable.''

As above stated, the court denied injunctive relief; and declared that the code provisions were constitutional.

Defendants (respondents) contend on appeal that the plaintiffs failed to exhaust their administrative remedies before commencing the present action.

Plaintiffs (appellants) contend, in effect, that they had exhausted their administrative remedies. They contend further to the effect that, even if they had not exhausted such remedies, their case comes within an exception to the rule that administrative remedies must be exhausted before resorting to court action. With respect to their contention that they had exhausted such remedies, they argue to the effect that their

said special defenses of unconstitutionality and lack of jurisdiction as alleged in the administrative proceedings, and the ruling of the hearing officer that he did not have jurisdiction to determine those issues, show that the plaintiffs had exhausted their administrative remedies. With respect to their contention that their case comes within said exception to the rule regarding exhaustion of remedies, appellants argue to the effect their said defenses of unconstitutionality and lack of jurisdiction as alleged in the administrative proceedings, and their said allegations therein that they had been and would be irreparably damaged, bring them within the exception.

As above stated, it was alleged in the complaint in the present action that the hearing officer said that he was without jurisdiction to rule upon the constitutionality of the statutes, or to rule upon the jurisdiction of the commissioner as affected by the unconstitutionality of the statutes, and that he would not rule upon those issues. It is to be noted, however, that the complaint herein also alleges that the hearing officer permitted the parties to present argument and authorities with respect to such issues, and that thereafter the hearing officer overruled plaintiffs' defenses. It thus appears that the hearing officer did rule upon those issues regarding unconstitutionality and jurisdiction. The complaint also alleged that at the preliminary hearing (on July 22, 1957—relative to the special defenses of unconstitutionality and lack of jurisdiction) the hearing officer said that he would retain jurisdiction and conduct hearings on the merits of the accusations at a future date. The complaint also alleged that plaintiffs were notified that a hearing would be held on October 7, 1957. It thus appears that, prior to the commencement of the present action, an administrative hearing had been held, and an order had been made therein overruling the defenses as to unconstitutionality and lack of jurisdiction, and plaintiffs had been notified of the date set for a further hearing.

In *United States* v. *Superior Court*, 19 Cal.2d 189 [120 P.2d 26], it was said at page 194: "It is now firmly established in this state that a litigant must invoke and exhaust an administrative remedy provided by statute before he may resort to the courts. Jurisdiction to entertain an action for judicial relief is conditioned upon a completion of the administrative procedure." It was also said therein at page 195: "[I]t lies within the power of the administrative agency to determine in the first instance, and before judicial relief may

be obtained, whether a given controversy falls within the statutory grant of jurisdiction [citations].   ⬛   And even where the statute sought to be applied and enforced by the administrative agency is challenged upon constitutional grounds, completion of the administrative remedy has been held to be a prerequisite to equitable relief [citations].''

In *United Insurance Co.* v. *Maloney*, 127 Cal.App.2d 155 [273 P.2d 579], the appeal was from an order granting a preliminary injunction restraining the insurance commissioner from hearing accusations against the plaintiffs (an insurance company and its agents). In that case the plaintiffs alleged that irreparable damage had accrued and would accrue if the hearing was had. Plaintiffs therein contended that the proceeding came within the exception to the rule which requires the exhaustion of administrative remedies where irreparable damage is threatened by illegal administrative action. In that case the court said, at page 165 : '' [T]he order fixing hearing and the hearing proposed here are not the types of action to bring plaintiffs within the exception to the exhaustion rule mentioned in . . . [citations], nor is the type of damage to be suffered by plaintiffs from the holding of the proposed hearing the type of damage considered irreparable within the exception rule, and because of plaintiffs' failure to exercise their administrative remedy, the trial court had no discretion in the matter and should have refused to issue a preliminary injunction.''

In *Chapman* v. *Division of Real Estate*, 153 Cal.App.2d 421 [314 P.2d 773], the appeal was by the defendants from a judgment in favor of plaintiffs in an action for declaratory relief and for an injunction prohibiting the defendants from taking any further proceedings upon an order to show cause which was then pending before the Division of Real Estate. The plaintiffs had been ordered to show cause (before the commissioner) why they should not be prohibited from selling certain lots in a subdivision in alleged violation of the Subdivision Law. In that case, the plaintiffs claimed that certain provisions of the Subdivision Law and of the Administrative Code were unconstitutional, and that plaintiffs would sustain irreparable damage if defendants were not enjoined from proceeding with the administrative hearing. In reversing the judgment in that case, the court said (p. 432) that the plaintiffs ''are bound by the rule requiring the exhaustion of administrative remedies before being able to obtain relief in the present action.''

In the present case, plaintiffs' allegation with reference to irreparable damage was that the filing and prosecuting of the accusations have caused and will cause plaintiffs irreparable damage. Any damage resulting from the filing or prosecuting of the accusations would not constitute the kind of damage that would bring plaintiffs' case within the exception to the rule that administrative remedies must be exhausted before resorting to court action. In *United Insurance Co.* v. *Maloney, supra*, 127 Cal.App.2d 155 [273 P.2d 579], it was said at page 161: ''That the publicity attendant upon an administrative hearing does not constitute such damage as to entitle one to interference by the courts is shown in *Mortgage Finance Corp.* v. *Watson* [104 Cal.App.2d 640 (232 P.2d 54)], where the court pointed out that, as here, 'publicity has already been given to the charges and to the fact that a hearing is being held. . . .' Plaintiffs fail to point out how their claimed damage from the fact of a hearing is different in kind from those which in the cases hereinbefore cited have been held not to constitute irreparable damage. They attempt to do so by claiming that the action of the commissioner is unconstitutional and discriminatory and that such action itself constitutes irreparable damage. But as shown by the cases herein discussed, it never has been held that the mere holding of a hearing comes within the rule of irreparable damage [citation].'' It is to be noted that the trial court herein found, in effect, that plaintiffs had not suffered irreparable damage. The finding was, as above shown, that the only injury suffered by plaintiffs was the loss of some clients and an advertiser, which is no more than that normally incident to the publicity arising from such proceedings.

In the present case, it is apparent from the complaint that the plaintiffs had not exhausted their administrative remedies. It does not appear that plaintiffs' case is within an exception to the rule that administrative remedies must be exhausted before resorting to court action. The trial court should not have proceeded with the trial of the present action. The exhaustion of administrative remedies was a jurisdictional prerequisite to resort to court action. In *Abelleira* v. *District Court of Appeal*, 17 Cal.2d 280 [109 P.2d 942, 132 A.L.R. 715], it was said at page 293: ''Bearing in mind the analysis of jurisdiction which has heretofore been made . . . we are necessarily led to the conclusion that exhaustion of the administrative remedy is a jurisdictional prerequisite to resort to

the courts." It thus appears that the judgment should be reversed.

Furthermore, it appears that, since the filing of the present action and while this appeal has been pending, further hearings have been had in the administrative proceeding, that the administrative proceeding has been completed, that an order has been made therein revoking the licenses, that the licensees have filed in the superior court a petition for a writ of mandate regarding the order of the commissioner, and that the petition is set for hearing on July 21, 1959. (This information as to the termination of the administrative proceeding and the petition for a writ of mandate is shown in a document filed herein by appellants, which document is titled "Chronological List of Events and Proceedings Filed Pursuant to Leave of Court.") In the document so referred to, it was said, among other things, that "After the filing of the Superior Court action for Declaratory Relief and Injunction [the present action], the said action proceeded concurrently with the Administrative proceedings." It thus appears that the issue on appeal regarding injunctive relief has become moot.

The judgment is reversed, and the superior court is instructed to dismiss the present action.

Shinn, P. J., and Vallée, J., concurred.