5 Cal.Rptr. 852]

## Appellate Department, Superior Court, Los Angeles

[Crim. A. No. 4321.   June 10, 1960.]

THE PEOPLE, Respondent, v. IRENE HARRIS,
Appellant.

Don H. Terry for Appellant.

A. L. Wirin, Fred Okrand and Rhoda Gordon as Amici Curiae on behalf of Appellant.

Byron B. Gentry, City Prosecutor, for Respondent.

HULS, J.—This and 10 other cases (Cr. A. 4322 to 4331) are cognate cases (Cr. A. 4322, 4327 and 4330 being appeals from judgments of conviction of violation of Penal Code, section 330 (gambling), and the other eight, from judgments of conviction of violation of Pasadena Ordinance Number 453-3½ (knowingly being present at a place where gambling was being conducted)). The facts of the gambling (playing "21" for money) and being present thereat, were stipulated to, provided that the defendants be permitted to make an offer of proof as to the constitutional question of deliberate and intentional discrimination and unequal treatment in the enforcement of the applicable statute and ordinance, by reason of race and color. "Offers of proof" were made by defendants and argued to the court, which rejected the offers and found each defendant guilty as charged, and fined each $26.25. (Clerk's Tr. p. 1 for 1/5/60.)

From all the trial court's comments in the transcript (especially Tr. 18), we believe that he rejected the offers because

he was of the opinion that the evidence if admitted would not prove intentional and deliberate discriminatory enforcement, ''even though there may be some slight inference even on the very small scale the offer of proof is made, it falls far short of showing deliberate, intentional, discriminatory practice.'' (Tr. 17.)

We are not considering the affidavits brought up to us on respondent's motion to augment the record, for the reason that there is nothing in the record to show that they were before the trial court which heard the evidence and the offers of proof. The contents of the affidavits might have become the subject of evidence in rebuttal by the prosecution had the court determined that any or all of the offers of proof should have been granted. The real questions before us are as to the admissibility of such evidence, not as to its ultimate weight or effect, and whether the trial court committed prejudicial error in rejecting them.

The offers of proof were:

1. Racial population figures and percentages in Pasadena.

2. Record of Pasadena gambling arrests showing for the year 1957, 16 white persons arrested, 276 Negroes; 1958, 9 white, 82 Negroes; 1959, all persons arrested, Negroes.

3. Existence of gambling for years in three men's clubs, all members of which were white, and no arrests made. That the chief of police was a member of one of the clubs and aware of the gambling.

4. One of the arresting officers would testify the routine city police procedure was to patrol the colored section and, on finding grouped parked cars, prowl the private premises for gambling, with no like patrol in the white section and no investigation made when cars were so parked in white areas. That no arrests were made when, shortly before the instant arrests, police found white men gambling, some of them city police officers.

5 and 6. Somewhat similar testimony by an arresting officer, and another officer.

The question before us is whether the offered proof was admissible as tending to show deliberate and intentional racial discriminatory enforcement of the criminal laws in violation of the equal protection guarantee of the 14th Amendment to the Constitution of the United States and of article I, section 11, of the Constitution of the State of California.

The question has been raised in actions for injunction,

by habeas corpus and as a defense on appeal from judgments of conviction in criminal cases.

A pleading alleging intentional and deliberate discrimination in the enforcement of a criminal ordinance fair on its face was held to be within the principle announced in *Yick Wo* v. *Hopkins* (1886), 118 U.S. 356 [6 S.Ct. 1064, 30 L.Ed. 220], and followed in *Brock* v. *Superior Court* (1939), 12 Cal.2d 605, 610 [86 P.2d 805], and in the case of *Wade* v. *City & County of San Francisco* (1947), 82 Cal.App.2d 337, 338-339 [186 P.2d 181]. The plaintiff there was seeking injunctive relief and the court also held the pleading to be squarely within the rule announced in *Glicker* v. *Michigan Liquor Control Commission* (1947), 160 F.2d 96; *Snowden* v. *Hughes* (1943), 321 U.S. 1, 11 [64 S.Ct. 397, 88 L.Ed. 497]; and *Sunday Lake Iron Co.* v. *Township of Wakefield* (1918), 247 U.S. 350, 352 [38 S.Ct. 495, 62 L.Ed. 1154]. *People* v. *Gordon* (1951), 105 Cal.App.2d 711, 721 [234 P.2d 287], was another case involving injunctive relief, the court citing *Brock* v. *Superior Court, supra*; *Downing* v. *California State Board of Pharmacy* (1948), 85 Cal.App.2d 30, 36 [192 P.2d 39]; and *Wade* v. *City & County of San Francisco, supra.*

If equity will intervene to prevent discriminatory enforcement of an ordinance valid on its face, it would seem to be unnecessary to require such intervention as a prerequisite, when the constitutional question has been squarely raised and the objection to prosecution made as a defense in a criminal proceeding.

The question here raised was before the court on a petition for habeas corpus in the cases of *Ah Sin* v. *Wittman* (1905), 198 U.S. 500, 506 [25 S.Ct. 756, 49 L.Ed. 1142], and *Ex parte Fiske* (1887), 72 Cal. 125, 128-130 [13 P. 310]. The court in the latter case, with respect to the ordinance there under consideration, after discussing the Yick Wo case, *supra,* said, "Neither the face of the ordinance, nor its administration, shows any intent to discriminate against a class of persons, or against any person."

The Yick Wo case, *supra,* has been extensively cited in cases involving laws both valid and invalid on their face. While a distinction may be attempted on this disparity, it should be noted that in *East Coast Lumber Terminal, Inc.* v. *Babylon* (C.A.2d N.Y., 1949), 174 F.2d 106, 112, the federal court observed: "It has indeed been the law for over sixty years that the Amendment covers the unequal enforcement of valid laws, as well as any enforcement of invalid laws."

See also *Concordia F. Ins. Co.* v. *Illinois* (1934), 292 U.S. 535, 545-547 [54 S.Ct. 830, 78 L.Ed. 1411, 1418-1419]. ██ "The purpose of the equal protection clause of the 14th Amendment is to secure every person within the state's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." (*Sunday Lake Iron Co.* v. *Township of Wakefield, supra,* at 352.) An actual discrimination arising from the method of administering a law is as potential in creating a denial of equality of rights as discrimination made by law. (*Rogers* v. *Alabama* (1904), 192 U.S. 226, 231 [24 S.Ct. 257, 48 L.Ed. 417, 419].) In *Glicker* v. *Michigan Liquor Control Commission, supra,* 160 F.2d 96, 99, a case involving denial of a renewal of a liquor license, the court, quoting from *Truax* v. *Corrigan* (1921), 257 U.S. 312, 331 [42 S.Ct. 124, 66 L.Ed. 254, 27 A.L.R. 375], said: "The guaranty was aimed at undue favor and individual or class privilege, on the one hand, and at hostile discrimination or the oppression of inequality, on the other. It sought an equality of treatment of all persons, even though all enjoyed the protection of due process." (See also *People* v. *Darcy* (1943), 59 Cal.App.2d 342, 352 [139 P.2d 118].)

██ In reversing a judgment of conviction of a violation of an ordinance for illegally obstructing a public sidewalk, *People* v. *Amdur* (1954), 123 Cal.App.2d Supp. 951, 968 [267 P.2d 445], recognizing the principles above referred to, stated "Fundamental personal rights are not less sacred and not less entitled to injunctive protection than are property rights" (see also pp. 969-971) and ordered a new trial with directions to admit all competent evidence offered on the issue of the unconstitutional application of the ordinance in question.

Convictions of Negroes, after trial upon indictments returned by grand juries from which Negroes had been systematically excluded, have been reversed on the grounds of a denial of equal protection. (*Eubanks* v. *Louisiana* (1958), 356 U.S. 584 [78 S.Ct. 970, 2 L.Ed.2d 991, 994-995]. See also Anno. 2 L.Ed.2d 2040-2044.)

██ An unconstitutional application of an ordinance is always available as a defense to prosecution for violation thereof. (*People* v. *Amdur, supra,* 123 Cal.App.2d Supp. 951, 970, citing *Yick Wo* v. *Hopkins, supra,* and *In re Smith* (1904), 143 Cal. 368 [77 P. 180].) Similarly, conviction of members of a religious sect warranted the application of the

equal protection guarantee. (*Niemotko* v. *Maryland* (1951), 340 U.S. 268, 270 [71 S.Ct. 325, 95 L.Ed. 267, 270]; *Fowler* v. *Rhode Island* (1953), 345 U.S. 67 [73 S.Ct. 526, 97 L.Ed. 828]); *People* v. *Flanders* (1956), 140 Cal.App.2d 765, 766 [296 P.2d 13] (not decisive here, since there, unlike our cases, there was no defense on or evidence of discriminatory enforcement).

■■ "Upon trial, defendants are entitled to present proof, if any, that there has been intentional discrimination, based on any improper consideration. Discriminatory law enforcement, to constitute a want of due process of law, and a denial of the equal protection of the laws, must be intentional, and purposeful. It will not be presumed, and before it can .be established, proof thereof must be judicially made." (*People* v. *Winters* (1959), 171 Cal.App.2d Supp. 876, 883 [342 P.2d 538]. See also *Ex parte Fiske, supra*; *Wade* v. *City & County of San Francisco, supra*; *People* v. *Gordon, supra*; *People* v. *Amdur, supra*; *Ah Sin* v. *Wittman, supra*.)

■ The appellants should have been permitted/to introduce ·any evidence they offered which tended to show actual intentional discrimination in the enforcement of the statute and ordinance in this instance. We are not holding that the offered evidence proves the defense of discriminatory enforcement; we are merely holding that it was admissible in appellants' efforts to prove that defense. It is wholly unsatisfactory to determine whether that defense was sufficient merely on an offer of proof.

The judgment is reversed. A new trial is ordered, with directions to admit all competent evidence not inconsistent with this opinion on the issue of the unconstitutional application of the statute and ordinance in question.

Swain, P. J., and Smith, J., concurred.