[Civ. No. 6866.   Fourth Dist.   Oct. 30, 1962.]

CITY OF BANNING, Plaintiff and Respondent, v. DESERT OUTDOOR ADVERTISING, INC., Defendant and Appellant.

Young, Prenner & Hews, Ronald H. Prenner and Arthur N. Hews for Defendant and Appellant.

Kenneth B. Husby, City Attorney, for Plaintiff and Respondent.

COUGHLIN, J.—This is an action by the City of Banning, the plaintiff and respondent herein, against Desert Outdoor Advertising, Inc., a corporation, the defendant and appellant herein, to enjoin the maintenance of a billboard sign located 4 feet from an abutting roadway, in violation of a city ordinance establishing a 20-foot setback for all buildings or structures. The sole issue on appeal is whether the evidence establishes, as a matter of law, that enforcement of the subject ordinance against the defendant, under the facts in this case, is discriminatory and prohibited by the constitutional provisions guaranteeing equal protection of the law.

The defendant is engaged in the business of outdoor advertising; in the course thereof constructed the sign in question;

and also constructed six other signs, three of which are in violation of the ordinance.

The complaint to enjoin the defendant from maintaining the subject sign was filed on March 18, 1960. At that time there were 46 other signs in the city located in violation of the setback ordinance; 30 thereof advertised "products on the property"; 8 were over 25 square feet in area; 15 were between 10 and 25 square feet; and 23 were under 10 square feet. The record does not contain a description of the subject sign. However, it appears that there was a variation in degree as to the different violations. On January 3, 1961, the defendant caused written notices to be served on the city attorney, each councilman, and the mayor, advising them of these 46 setback violations. By personal appearance before the council and mayor in September and October of 1960, the defendant, through its president, "told them the signs were in violation." In its answer, the defendant alleged that the ordinance in question "is being unconstitutionally, inequitably and unjustly enforced," in that the city's officials have refused to enforce its provisions against any person other than the defendant. On the issue thus raised, the trial court found: "It is not true that the enforcement of the provisions of . . . [the ordinance in question] . . . by the plaintiff, or its officials, has been with intentional or purposeful discrimination." This finding was in response to the rule of law hereinafter noted.

It is an accepted principle that the constitutional provisions guaranteeing equal protection of the law guard against discrimination resulting from an unequal enforcement of a valid statute, as well as from an unequal application of the law occasioned by the express terms of a statute invalid for this reason. (*Snowden* v. *Hughes,* 321 U.S. 1, 7 [64 S.Ct. 397, 401, 88 L.Ed 497]; *Sunday Lake Iron Co.* v. *Township of Wakefield,* 247 U.S. 350 [38 S.Ct. 495, 62 L.Ed. 1154]; *Yick Wo* v. *Hopkins,* 118 U.S. 356 [6 S.Ct. 1064, 30 L.Ed. 220]; *Brock* v. *Superior Court,* 12 Cal.2d 605, 610 [86 P.2d 805]; *Downing* v. *California State Board of Pharmacy,* 85 Cal.App. 2d 30, 36 [192 P.2d 39].) However, the enforcement of a statute "resulting in its unequal application to those who are entitled to be treated alike, is not a denial of equal protection unless there is shown to be present in it an element of intentional or purposeful discrimination." (*Snowden* v. *Hughes, supra,* 321 U.S. 1, 8 [64 S.Ct. 397, 401]; cf. *People* v. *Harris,* 182 Cal.App.2d Supp. 837, 842 [5 Cal.Rptr. 852];

*People* v. *Winters,* 171 Cal.App.2d Supp. 876, 883 [342 P.2d 538]; *Yanke* v. *State Dept. of Public Health,* 162 Cal.App.2d 600, 605 [328 P.2d 556]; *People* v. *Amdur,* 123 Cal.App.2d Supp. 951, 969, 971 [267 P.2d 445]; *People* v. *Gordon,* 105 Cal.App.2d 711, 721 [234 P.2d 287]; *Wade* v. *City & County of San Francisco,* 82 Cal.App.2d 337, 338 [186 P.2d 181].) To establish an unlawful inequality in enforcement "there must be a showing of 'clear and intentional discrimination.' " (*Snowden* v. *Hughes, supra,* 321 U.S. 1, 8 [64 S.Ct. 397, 401].)

██ A discriminatory intent or purpose is not presumed. (*Snowden* v. *Hughes, supra,* 321 U.S. 1, 8 [64 S.Ct. 397, 401]; *Tarrance* v. *Florida,* 188 U.S. 519, 520 [23 S.Ct. 402, 403, 47 L.Ed. 572]; *People* v. *Harris, supra,* 182 Cal.App.2d Supp. 837, 842; *People* v. *Winters, supra,* 171 Cal.App.2d Supp. 876, 883.) To the contrary, the good faith of those enforcing the law and the validity of their action in the premises are presumed. (*Sunday Lake Iron Co.* v. *Township of Wakefield, supra,* 247 U.S. 350 [38 S.Ct. 495, 62 L.Ed. 1154].) The burden of proving discrimination is upon the complaining party. (*Sunday Lake Iron Co.* v. *Township of Wakefield, supra,* 247 U.S. 350 [38 S.Ct. 495, 62 L.Ed. 1154].)

██ In a prosecution or law enforcement proceeding arising out of the violation of a statute, the mere showing of a failure to institute such a prosecution or proceeding with respect to other known violations does not require a finding that the prosecution or enforcement proceeding in question was prompted by intentional or purposeful discrimination. (*Mackay Tel. & Cable Co.* v. *City of Little Rock,* 250 U.S. 94 [39 S.Ct. 428, 430, 63 L.Ed. 863]; *People* v. *Winters, supra,* 171 Cal.App.2d Supp. 876, 886; *People* v. *Flanders,* 140 Cal. App.2d 765, 767, 769 [296 P.2d 13]; *People* v. *Gordon, supra,* 105 Cal.App.2d 711, 720-722; *People* v. *Hess,* 104 Cal.App.2d 642, 685 [234 P.2d 65]; *People* v. *Oreck,* 74 Cal.App.2d 215, 221 [168 P.2d 186]; *People* v. *Darcy,* 59 Cal.App.2d 342, 351-353 [139 P.2d 118]; *People* v. *Montgomery,* 47 Cal.App.2d 1, 13-14 [117 P.2d 437].) "It is not a denial of equal protection that one guilty person is prosecuted while others equally guilty are not." (*People* v. *Hess, supra,* 104 Cal.App.2d 642, 685; *People* v. *Oreck, supra,* 74 Cal.App.2d 215, 222.) The Constitution does not guarantee equality of protection in the commission of a crime. (*People* v. *Flanders, supra,* 140 Cal. App. 765, 769.) Neither rule nor reason directs that because some persons escape prosecution, others who violate the law

156 ■

should not be prosecuted. (*People* v. *Darcy, supra,* 59 Cal. App.2d 342, 353.) The protection afforded is against unlawful discrimination which uses law enforcement as its vehicle.

■ Applying the foregoing principles to the case at bar, it is apparent that the evidence herein does not establish as a matter of law that the instant enforcement proceeding was the result of an intentional or purposeful discrimination. Even though it be assumed that the fact of nonprosecution of all other known violators, under the circumstances in this case, would support an inference that the prosecution of the defendant was prompted by an intentional and purposeful discrimination against it, nevertheless, the trial court was not required to draw this inference; the authority to do so was vested in it exclusively; and, in determining the sufficiency of the evidence to sustain a questioned finding, this court is concluded by its decision. (*Blank* v. *Coffin,* 20 Cal.2d 457, 461 [126 P.2d 868] ; *Hamilton* v. *Pacific Elec. Ry. Co.,* 12 Cal.2d 598, 602 [86 P.2d 829] ; *Coutts* v. *Grant,* 184 Cal.App.2d 255, 257, 261 [7 Cal.Rptr. 431] ; *Marshall* v. *Parkes,* 181 Cal.App.2d 650, 655 [5 Cal.Rptr. 657].) ■ On the other hand, the nonexistence of an intentional or purposeful discrimination against the defendant is inferentially supported by the fact that, although three other signs maintained by it were in violation of the ordinance, no prosecution or enforcement proceedings had been brought on account thereof.

The defendant contends that the decision in *Wade* v. *City & County of San Francisco, supra,* 82 Cal.App.2d 337, controls the decision in the case at bar and requires a reversal. In the cited case the allegations of a complaint that a particular ordinance was being enforced against the plaintiffs and no others ''with intent to discriminate against plaintiffs and the plaintiffs' said business,'' were tested by demurrer and were held sufficient to establish a violation of the equal protection clause. Basic to the decision in the cited case was the specific allegation of an intent to discriminate. Contrary to the defendant's contention, this decision is not authority for the proposition that proof of enforcement of an ordinance against one individual and no others per se establishes an intentional or purposeful discrimination.

In other jurisdictions it has been held that the failure to enforce zoning regulations generally does not preclude their enforcement in a specific instance. (*Flinn* v. *Treadwell,* 120 Colo. 117 [207 P.2d 967, 969] ; *Leigh* v. *City of Wichita,*

148 Kan. 607 [83 P.2d 644, 648] ; *City of St. Louis* v. *Friedman,* 358 Mo. 681 [216 S.W.2d 475, 479] ; *Appeal of Valicenti,* 298 Pa. 276 [148 A. 308] ; *State* ex rel. *Miller* v. *Cain,* 40 Wn.2d 216 [242 P.2d 505, 510].)

The allegations of the defendant's separate defense were not established as a matter of law and its contention to the contrary is without merit.

The judgment is affirmed.

Griffin, P. J., and Shepard, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 26, 1962. Schauer, J., and Peters, J., were of the opinion that the petition should be granted.