TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 94-807 |
| of | : | |
| | : | January 27, 1995 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| MAXINE P. CUTLER | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE STATE BOARD OF EQUALIZATION has requested an opinion on the following questions:

1. For purposes of administering local sales and use tax ordinances, is the passenger vehicle rental tax adopted by the City of Ontario a use tax or a substantially different type of tax?

2. If the passenger vehicle rental tax adopted by the City of Ontario is a use tax, is the State Board of Equalization required to give written notice terminating its contract to administer the city's local sales and use tax ordinances?

CONCLUSIONS

1. For purposes of administering local sales and use tax ordinances, the passenger vehicle rental tax adopted by the City of Ontario is a use tax.

2. Since the passenger vehicle rental tax adopted by the City of Ontario is a use tax, the State Board of Equalization is required to give written notice terminating its contract to administer the city's local sales and use tax ordinances.

ANALYSIS

The Sales and Use Tax Law (Rev. & Tax. Code, §§ 6001-7176)[1] imposes a state sales tax upon the privilege of selling tangible personal property at retail within the state computed as a percentage of the gross receipts of the retailer (§ 6051) and a companion state use tax upon the storage, use, or consumption within California of tangible personal property purchased from a retailer (§ 6201) in a transaction not subject to the sales tax. (§ 6401.) A retailer making sales subject to the use tax must collect the tax from the customer. (§ 6203.) While a lease of tangible personal property is included within the definition of a sale (§ 6006, subd. (g)), rents payable under a lease are included within the measure of use tax and are exempt from the sales tax. (§ 6401.) (See generally *Ladd* v. *State Bd. of Equalization* (1973) 31 Cal.App.3d 35, 38-39.)

The Bradley-Burns Uniform Local Sales and Use Tax Law (§§ 7200-7212) authorizes a uniform imposition by counties and cities of a one percent sales tax and a one percent use tax. (§§ 7202, 7203.) All local sales and use tax ordinances are administered by the State Board of Equalization ("Board"). (§§ 7203.5-7204.3.) Section 7203.5 is the focus of this opinion. It provides as follows:

"The State Board of Equalization shall not administer and shall terminate its contract to administer any sales or use tax ordinance of a city, county, redevelopment agency, or city and county, if such city, county, redevelopment agency, or city and county imposes a sales or use tax in addition to the provisions of Sections 7202 and 7203.

"The board shall give such city, county, redevelopment agency, or city and county written notice of termination, stating the reasons therefor and the effective date of the termination, which shall be not earlier than the first day of the first calendar quarter commencing at least 30 days after the mailing of the notice to the city, county, redevelopment agency, or city and county. If the cause for termination is not cured within the time specified in the notice, the board shall not administer the ordinance until cause for termination is removed and a new contract for the administration of the ordinance executed. Such contract shall be operative not earlier than the first day of the first calendar quarter commencing after its execution. During the period of time that the board is not administering the sales and use tax ordinance of a city, county, redevelopment agency, or city and county, no ordinance of such city, county, redevelopment agency, or city and county shall be considered to be an ordinance enacted according to this part.

"Nothing in this section shall be construed as prohibiting the levy or collection by a city, county, redevelopment agency, city and county of any other substantially

---

[1] All section references are to the Revenue and Taxation Code unless otherwise indicated.

different tax authorized by the Constitution of California or by statute or by charter of any chartered city."

The City of Ontario ("Ontario") imposes a use tax upon any person leasing an automobile from a rental agency located within the city as authorized by section 7202, subdivision (h)(1) ["... a use tax of 1 percent or less of purchase price upon the storage, use or other consumption of tangible personal property purchased from a retailer for storage, use or consumption in the city"]. This one percent use tax is imposed upon rental charges, collected by the rental agency at the same time as other rental charges, and becomes the obligation of the rental agency if not collected from the customer or transmitted to the Board. (See §§ 6011, 6201-6204.)

Ontario also imposes a passenger vehicle rental tax ("PVRT") upon "every person who acquires a passenger vehicle within the City, for the transportation of persons or property, under contract with a rental operator for lease or hire for a period of less than 30 days." The tax imposed is $0.60 per day, with a maximum of $2.40 per rental agreement. Every customer renting a passenger vehicle in the city is liable for the tax, which is collected by the rental agency at the same time as the other rental charges are collected from the customer, and is stated as a separate charge. The rental agency is obligated to collect the tax and transmit it to the city. Failure of the rental agency to collect and report the tax results in the assessment of interest and penalties against the agency. All amounts become a debt due to the city by the rental agency. The taxes, interest, and penalties are deposited in Ontario's general fund, and used for the usual and current expenses of the city.

1.      A Use Tax or Substantially Different

The first question presented for analysis is whether the PVRT imposed by Ontario is an additional "sales or use tax" or a "substantially different tax" as those terms are used in section 7203.5. As indicated by the Supreme Court in *A.B.C. Distributing Co.* v. *City and County of San Francisco* (1975) 15 Cal.3d 566, 575, "[A]lthough the state has preempted the field of sales and use taxation, nothing prevents a municipality from levying a `substantially different' tax otherwise authorized by law." We conclude that Ontario's PVRT is not a substantially different tax but rather is an additional use tax for purposes of administering local sales and use taxes by the Board under the terms of section 7203.5.

In *Rivera* v. *City of Fresno* (1971) 6 Cal.3d 132, 139, the Supreme Court reviewed the legislative history of section 7203.5 and concluded:

". . . [T]he language `substantially different tax' was substituted for the earlier specific enumeration of taxes which were not intended to be prohibited. It thus appears that the Legislature chose to employ the expression `substantially different tax' to refer to the taxes excluded from the restrictions of Bradley-Burns, rather than attempt to specifically name such excluded taxes, lest the specification lead to the view that the prohibitions of section 7203.5 encompassed other permissible forms of local taxation not intended to fall within its scope."

In 74 Ops.Cal.Atty.Gen. 96 (1991), we conclude that a city tax imposed upon persons renting automobiles for a period of 30 days or less from car rental agencies located within the city and calculated at a specified percent of the total rental charges was a use tax for purposes of section 7203.5. Similar to our 1991 opinion, Ontario's PVRT is a tax imposed in addition to the city's use tax, both taxes concern tangible personal property (passenger vehicles), and have the same taxpayers (customers of the rental agencies), taxable event (acquisition of passenger vehicles from a location within the city for transportation of persons or property), collection mechanics (rental agencies collect and transmit the taxes), and ultimate city use of the funds (general municipal expenses).

It has been suggested that the PVRT in question is distinguishable from the tax in our 1991 opinion in one important respect: the Ontario tax is measured by a flat rate, $0.60 per day to a maximum of $2.40 per rental contract, rather than as a percentage of the rental contract charges. While this observation is true, we do not believe that such factor alone causes Ontario's PVRT to be a "substantially different tax" for purposes of section 7203.5.

We first note that the label placed upon a tax is not controlling as to its basic character. The Supreme Court noted in *Flynn* v. *San Francisco* (1941) 18 Cal.2d 210, 214-215:

> "The character of a tax must be determined by its incidents, and from the natural and legal effect of the language employed in the act. [Citations.] The nomenclature is of minor importance, for the court will look beyond the mere title or the bare legislative assertion . . . to see and determine the real object, purpose and result of the enactment. [Citations.]"

More importantly, while sales and use taxes are measured by gross receipts, this factor is not conclusive of the nature of the tax. "It has long been established that the measure, or mode of ascertaining a particular tax is not conclusive as to its type or nature." (*Weekes* v. *City of Oakland* (1978) 21 Cal.3d 386, 396.)

We are guided by the principle of interpretation that "[i]n construing a statute, a court's objective is to ascertain and effectuate the underlying legislative intent." (*Moore* v. *Oklahoma State Bd. of Accountancy* (1992) 2 Cal.4th 997, 1012.) To conclude that the tax in question is a substantially different tax from a use tax simply because it is assessed at a flat rate would effectively defeat the primary purpose of the Bradley-Burns Uniform Local Sales and Use Tax Law, i.e., to provide an integrated, uniform system of city and county sales and use taxation. (Stats. 1968, ch. 1265, § 2.)

We find that the Ontario tax in question is imposed upon the use of the same tangible personal property as is currently subject to taxation under the Sales and Use Tax Law and the city's own sales and use tax ordinances. The city is limited to a one percent sales or use tax regarding car rental charges (§ 7202, subd. (h)(1)), and is not authorized to add an additional tax without suffering the consequences of section 7203.5.

In answer to the first question, therefore, we conclude that based upon its object, purpose, and result, Ontario's PVRT is a use tax for purposes of section 7203.5. The different manner

in which the tax is assessed, a flat rate per rental day as opposed to a percentage of rental charges, does not transform it into a "substantially different tax."

2.    Administration of Local Tax Ordinances

The second question presented concerns the obligation of the Board to administer Ontario's local sales and use tax ordinances under the terms of section 7203.5. Since we have concluded that Ontario's PVRT is a type of use tax for purposes of the statute, the Board has the statutory duty to give Ontario written notice of termination of its contract to administer the city's sales and use tax ordinances. "The State Board of Equalization . . . shall terminate its contract to administer any sales or use tax ordinance of a city, . . . if such city . . . imposes a sales or use tax in addition to the provisions of Section 7202 and 7203." (§ 7203.5.) Furthermore, "[t]he board shall give . . . written notice of the termination," and "[i]f the cause for termination is not cured within the time specified in the notice, the Board shall not administer the ordinance until the cause for termination is removed and a new contract for the administration of the ordinance executed." (*Ibid*.)

We conclude in answer to the second question that since the Ontario PVRT is a sales or use tax for purposes of section 7203.5, the Board is required to give written notice terminating its contract to administer the city's local sales and use tax ordinances.

*  *  *  *  *