Filed 6/17/13  Hu v. City and County of San Francisco CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| HERMAN HU,<br><br>　　　Plaintiff and Appellant,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>　　　Defendant and Respondent. | A136188<br><br>(San Francisco City & County<br>Super. Ct. No. CGC-11-510077) |

**I.**

**INTRODUCTION**

The issue presented by this appeal is whether San Francisco's payroll expense tax, which is assessed on all compensation paid by a business to individuals performing services for the business within the city, applies to wages and nonemployee compensation paid to the sole shareholder and principal employee of a professional corporation.  The trial court ruled that the payroll expense tax applies by its terms to these types of compensation, and rejected appellant's arguments that the city is estopped or constitutionally barred from applying that interpretation.  We affirm.

**II.**

**FACTS AND PROCEDURAL BACKGROUND**

Herman Hu (Hu), a dentist, owns a professional corporation, Herman Hu, D.D.S., A Professional Corporation (Hu Corporation), of which Hu is the sole shareholder, and in which he holds all the corporate offices.  Hu Corporation has an office in San Francisco.

1

During the years 2004, 2005, and 2006 (the relevant tax years), Hu Corporation paid Hu an amount characterized as wages or salary for federal income tax purposes, plus additional amounts characterized as nonemployee compensation for federal income tax purposes. During the relevant tax years, Hu Corporation chose not to characterize Hu as an employee for workers' compensation purposes, as permitted by Labor Code sections 3351, subdivision (c), and 4151, subdivision (a).

The City assesses a payroll expense tax (the payroll tax) on compensation paid to individuals (that is, natural persons) for work done or services performed for, or on behalf of, a business. The payroll tax is calculated on the total compensation paid by the business for services rendered within the City, subject to exceptions not relevant here, and with an exemption for small businesses, i.e., those whose payroll tax liability falls below $2,500 in any given year.

Hu Corporation filed payroll tax returns with the City during the relevant tax years, but those tax returns reported only the compensation that Hu Corporation paid to individuals other than Hu. The resulting putative tax liability fell below $2,500, so Hu Corporation claimed the small business exemption, and paid no payroll tax.

In 2007, the City audited Hu Corporation's payroll tax returns. The City issued a notice of tax audit deficiency indicating that Hu Corporation had underpaid its payroll tax for the relevant tax years. Specifically, the City calculated that during the relevant tax years, Hu Corporation incurred a total of $1,863,700.50 in payroll expense, rather than the total of $446,300.50 reflected on Hu Corporation's payroll tax returns. The City's position was that the compensation paid to Hu during those years should have been reported on Hu Corporation's payroll tax returns, and should have been included in the amount on which Hu Corporation's payroll tax liability was calculated. Based on the City's calculations, Hu Corporation's outstanding payroll tax liability for the relevant tax years was $27,955.51, plus an underpayment penalty and interest, for a total of $38,312.66.

Hu Corporation disputed the audit unsuccessfully; paid the disputed amount; and filed a claim with the City for a refund, which was denied. Hu Corporation then filed the action from which this appeal arose, seeking a refund of the amount it had paid.

The parties stipulated to most of the relevant facts, and the City filed a motion for summary judgment.[1] The trial court granted the motion, and entered judgment in favor of the City. This timely appeal ensued.

## III.
## DISCUSSION
### A. Standard of Review and Legal Background

This is an appeal from a summary judgment based on the trial court's interpretation of a legislative enactment, and neither party contends that there are any disputed issues of material fact. Thus, the appeal presents pure questions of law, which we review independently. (See *California Society of Anesthesiologists v. Brown* (2012) 204 Cal.App.4th 390, 399; *Zavala v. Arce* (1997) 58 Cal.App.4th 915, 920.)

The City first adopted the payroll tax in 1970. Five years later, our Supreme Court rejected challenges to the City's payroll tax brought by alcoholic beverage distributors, concluding that the tax was not preempted by state laws governing the licensing and taxation of alcohol sales, and was not a constitutionally barred municipal income tax. (*A.B.C. Distributing Co. v. City and County of San Francisco* (1975) 15 Cal.3d 566 (*ABC Distributing*).) In describing the purpose underlying the payroll tax, the court quoted the ordinance itself, which provided that " 'This tax is imposed for general revenue purposes and in order to require commerce and the business community to carry a fair share of the costs of local government in return for the benefits, opportunities and protections afforded by the City and County of San Francisco.' " (*Id.* at p. 570.) The court thus upheld the payroll tax as "a proper exercise of the constitutional power to levy taxes for general revenue purposes." (*Id.* at p. 569.)

---

[1] Hu Corporation filed a cross-motion for summary judgment, but it was taken off calendar as moot.

3

The tax was later upheld against preemption challenges brought by maritime commerce businesses and by a nonprofit credit card charge clearinghouse. (*Blue Star Line, Inc. v. City and County of San Francisco* (1978) 77 Cal.App.3d 429; *Western States Bankcard Assn. v. City and County of San Francisco* (1977) 19 Cal.3d 208.)

None of these prior cases regarding the payroll tax addressed the question presented here, which is whether the City's payroll tax properly could be assessed on compensation, including non-salary compensation, that a professional corporation paid to its sole shareholder, who was not characterized as the corporation's employee for workers' compensation purposes. In deciding this question, we begin with the language of the ordinances establishing the payroll tax, as that language read during the relevant tax years.[2] (See *Britton v. Dallas Airmotive, Inc.* (2007) 153 Cal.App.4th 127, 131-132 ["Our primary objective in interpreting a statute is to determine and give effect to the underlying legislative intent. [Citation.] We begin by examining the statutory language, giving the words their usual, ordinary meanings and giving each word and phrase significance. [Citation.] . . . 'If the terms of the statute are unambiguous, we presume the lawmakers meant what they said, and the plain meaning of the language governs.' [Citation.]"].)

## B. Analysis

Ordinance section 902 provides that "[e]xcept where the context otherwise requires, terms not defined in [the payroll tax ordinances] that are defined in Article 6 [of the San Francisco Business and Tax Regulations Code] shall have the same meaning as given to them in Article 6." The definition of the term "employee" for payroll tax purposes is thus the one set forth in ordinance section 6.2-9, which is part of Article 6.

---

[2] The ordinances governing the payroll tax were amended effective February 19, 2004. Neither party disputes that the payroll tax law applicable to the relevant tax years is the version that became effective on that date. All further references to ordinance sections are to sections of the San Francisco Business and Tax Regulations Code, as amended effective February 19, 2004.

4

Ordinance section 6.2-9 extends the definition of "employee" to include "any individual[3] in the service of an employer . . . and includes but is not limited to, all of the enumerated categories in Subsections (a) through (f) of California Labor Code Section 3351, *regardless of whether Workers' Compensation Benefits*, pursuant to [Labor Code sections] 3200, et seq. . . . *are required to be paid*."[4]  (Italics added.)  One of the "enumerated categories" of employee in Labor Code section 3351 is "[a]ll officers and members of boards of directors of quasi-public or private corporations while rendering actual service for the corporations for pay."  (Lab. Code, § 3351, subd. (c).)

Thus, ordinance section 6.2-9 explicitly provides that for the purposes of San Francisco's payroll tax, an officer or director of an incorporated business remains an "employee" of the corporation "while rendering actual service . . . for pay" to the corporation, even if the individual is a sole shareholder to whom the corporation has elected not to provide workers' compensation benefits.  In addition, the language makes clear that the compensation subject to payroll tax liability is broader than wages and salary alone.[5]  In short, based on its plain language, the payroll tax ordinance includes more than just traditional wages paid to traditional employees.

---

[3]  Ordinance section 6.2-10 defines "individual" as "a natural person, a human being, as distinguished from an artificial person such as a corporation . . . ."

[4]  Labor Code section 3351, subdivision (c) provides that an officer and/or director of a corporation who is also its sole shareholder does not come under the workers' compensation provisions of the Labor Code unless the corporation so elects under Labor Code section 4151, subdivision (a).  As already noted, Hu Corporation elected not to provide Hu with workers' compensation benefits.

[5]  Ordinance section 902.1 defines the term "payroll expense" to mean "the compensation paid to, on behalf of, or for the benefit of an individual, including salaries, wages, bonuses, commissions, property issued or transferred in exchange for the performance of services (including but not limited to stock options) and any other form of compensation . . ." for work performed or services rendered "in whole or in part in the City . . . ."  If services are rendered partly outside the City, the amount of payroll tax due is apportioned accordingly.  (See ordinance section 904.)  Hu Corporation does not contend that it was assessed payroll tax for services rendered in whole or in part outside the City.

5

Despite this language, Hu Corporation argues that the payroll tax covers only wages paid to employees. Hu Corporation cites no authority for that proposition other than language from *ABC Distributing*, *supra*, 15 Cal.3d 566 describing the payroll tax in general terms as being "measured by wages paid to . . . employees." (*Id.* at p. 576.)[6] However, *ABC Distributing* involved the payroll tax as it stood in or prior to 1975, not as it stood after the 2004 amendments. The provisions of the original 1970 version of the payroll tax ordinance, as quoted in *ABC Distributing*, did not include the broad definitions of "employee" and "payroll expense" set forth in the 2004 version.

Moreover, *ABC Distributing*, *supra*, 15 Cal.3d 566, arose from a challenge to the constitutionality of the payroll tax as applied to alcoholic beverage distributors. The language from *ABC Distributing* on which Hu Corporation relies is taken from a passage in which the court distinguished the payroll tax from an income tax. (*Id*. at pp. 575-576.) It has no bearing on the issues presented by this case. The court was not called upon in *ABC Distributing* to determine whether the payroll tax applied to persons other than traditional employees. " 'It is axiomatic that cases are not authority for propositions not considered.' [Citation.]" (*In re Marriage of Cornejo* (1996) 13 Cal.4th 381, 388, fn. omitted; accord, *People v. Johnson* (2012) 53 Cal.4th 519, 528.)

Changing tacks, Hu Corporation argues that the City itself interprets the payroll tax ordinance more narrowly than its broad language appears to allow, and that we should give weight to this administrative interpretation of the law by the entity charged with its enforcement. We acknowledge that the meaning and scope of a local ordinance is committed to the local agency in the first instance, and we ordinarily give great weight to the agency's interpretation. (See, e.g., *Robinson v. City of Yucaipa* (1994) 28 Cal.App.4th 1506, 1516.) There are limits to this doctrine, however.

---

[6] Hu Corporation also cites *Arden Carmichael, Inc. v. County of Sacramento* (2001) 93 Cal.App.4th 507, but as its title implies, that case did not involve an interpretation of San Francisco's payroll tax ordinance, or indeed, of any payroll tax. Rather, it involved a fee imposed by the County of Sacramento on nonprofit organizations that operated licensed bingo games, based on a percentage of the prize payouts.

6

A local agency's interpretation of an ordinance does not merit our deference if it is clearly erroneous or unauthorized. (*Friends of Davis v. City of Davis* (2000) 83 Cal.App.4th 1004, 1015; *Santa Clarita Organization for Planning the Environment v. City of Santa Clarita* (2011) 197 Cal.App.4th 1042, 1062.) " 'An erroneous administrative construction does not become decisive of the law no matter how long it is continued. [Citations.]' [Citation.]" (*Santa Monica Mun. Employees Assn. v. City of Santa Monica* (1987) 191 Cal.App.3d 1538, 1545.) Also, an informal agency interpretation does not warrant the degree of deference that we accord to an interpretive regulation that has been adopted through a formal rulemaking process. (See *Yamaha Corp. of America v. State Bd. of Equalization* (1998) 19 Cal.4th 1, 7; *Western States Petroleum Assn. v. Superior Court* (1995) 9 Cal.4th 559, 576 ["informal actions do not merit such deference"].) And ultimately, even when agency construction of an ordinance is entitled to consideration and respect, it is not binding on the judiciary. (*Yamaha Corp. of America v. State Bd. of Equalization*, *supra*, 19 Cal.4th at pp. 7-8.)

As an example of what it argues is the City's interpretation, Hu Corporation points out that ordinance section 904(a), which deals with the apportionment of an individual's compensation for payroll tax purposes as between activities within the City and activities outside the City, uses the term "total number of working hours employed." Hu Corporation argues that the use of the term "employed" in this context means that the City interprets the payroll tax only to apply to individuals who are "employees" in the narrow sense of that term.

As Hu Corporation itself acknowledges, however, our task in interpreting a statutory scheme is to construe "each part or section . . . in connection with every other part or section so as to produce a harmonious whole. [Citation.]" (*People v. Medina* (2007) 41 Cal.4th 685, 696.) For that very reason, we cannot base our interpretation of the scope of the term "employee" as used in the payroll tax ordinances on the fact that the term "employed" is used in the section regarding apportionment of the payroll tax based on the location at which services are rendered. To do so would require us to disregard the provision in the payroll tax ordinance that expressly adopts a much broader definition of

7

"employee." A statute should not be interpreted so as to render one part of it a nullity. (*City of Alhambra v. County of Los Angeles* (2012) 55 Cal.4th 707, 724 [" 'Where reasonably possible, we avoid statutory constructions that render particular provisions superfluous or unnecessary' "]; *Teachers' Retirement Bd. v. Genest* (2007) 154 Cal.App.4th 1012, 1028 [courts give significance to every word, phrase, sentence, and part of a statute, and avoid an interpretation that renders any portion of it superfluous, unnecessary, or a nullity].)

Hu Corporation also bases its argument about the City's interpretation of the payroll tax ordinance on brochures setting forth instructions for completing the payroll tax forms for the 2004 and 2006 tax years. The brochures were prepared by the City's Office of the Treasurer and Tax Collector for distribution to employers. The brochures themselves indicate that they only "briefly summarize[]" the payroll tax ordinances, and that "[f]or a more precise understanding of these ordinances, reference should be made to the ordinances themselves." Thus, to the extent the brochures interpret the payroll tax ordinances, they constitute only an informal interpretation, which, as noted *ante*, does not warrant the deference accorded formal rulemaking, and is not binding on us.

Under the heading "Definitions," the brochures state that "employee" means "any individual in the service of an employer, including an individual who qualifies as an employee within the meaning of section 3551 of the California Labor Code." (Original capitalization omitted.) As already noted, under that statute, officers and directors of a corporation qualify as its employees "while rendering actual service for the corporation[] for pay." (Lab. Code, § 3351, subd. (c).) Moreover, while the brochures state that individuals who qualify as employees under the statute are *included* in the definition of "employee" for payroll tax purposes, the brochures do *not* state that the definition is *limited* to those individuals. Rather, the brochures make clear that the definition extends more broadly to include "any individual in the service of an employer." Hu Corporation essentially concedes that it is an employer, nor does it dispute that Hu acted "in the service of" Hu Corporation when he performed the work for which Hu Corporation compensated him. Thus, we are not persuaded that the quoted language in the brochures

8

is in any way inconsistent with the City's position that the compensation Hu Corporation paid to Hu was subject to the payroll tax.

Hu Corporation also relies on a different section of the brochures, entitled "Payroll Expense Apportionment," which differentiates between "[e]mployees who perform work or render services exclusively in [the City]," as opposed to "[e]mployees who perform work or render services partly within and partly outside [the City]." (Original capitalization omitted.) This use of the term "employee" does nothing to limit or modify the broad definition of that term adopted in the "Definitions" section of the brochures. Thus, it provides no support for Hu Corporation's contention that Hu's compensation was not subject to the payroll tax because he was not its "employee."

Hu Corporation also relies on the "ordinary and popular meaning" of the term "payroll" to refer to a list of employees and the amount of pay due to them. The brochures include an express definition of the term "payroll expense," however, which is clearly broader than the "ordinary and popular meaning" of the term "payroll." The brochures define "payroll expense" to include "the total compensation paid, including salaries, wages, commissions and other compensation to all individuals who . . . perform work or render services," including payments to deferred compensation plans.

Finally, Hu Corporation refers us to a document dated January 29, 2010, which (like the brochures) was prepared by the City's Office of the Treasurer and Tax Collector. This document gives the same broad definition of "payroll expense" as the brochures, but goes on to state that "[i]ndependent contractors and other '1099' employees are *not* considered part of a business taxable San Francisco payroll." Hu Corporation points to no evidence in the record that this statement was made or endorsed by the City prior to January 2010. Thus, it has little, if any, relevance to the interpretation of "payroll expense" for the purpose of the 2004, 2005, and 2006 tax years. In addition, it is an informal statement that appears to be at odds with the broad language of ordinance section 902.1. Accordingly, it does not carry sufficient weight to persuade us to interpret the terms of the payroll tax ordinance in the narrow fashion urged by Hu Corporation.

9

## C. Constitutionality

As already noted, the California Supreme Court upheld the constitutionality of the payroll tax in 1975 in *ABC Distributing*, *supra*, 15 Cal.3d 366. Hu Corporation argues that if the payroll tax is construed to apply to all compensation, as opposed to wages and salary alone, it "effectively become[s] an income tax." Hu Corporation does not explain, however, how basing the computation of a business's payroll tax liability on all forms of compensation it pays for services within the City either removes the nexus with the City, or transforms the payroll tax imposed on business into a tax on individual income. Accordingly, we are not persuaded that the City's interpretation of the payroll tax ordinances permits this court to disregard the ruling in *ABC Distributing*. (See *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450.)

## D. Estoppel to Assess Penalties and Interest

Finally, Hu Corporation argues that even if it owes the underlying payroll tax, the City is estopped from assessing penalties and interest against it, because its original failure to pay the amount due was induced by its reliance on the City's official interpretation of the payroll tax ordinance. Hu Corporation does not identify the specific representations by the City on which it claims to have relied. The only evidence in the record of any such representations is the summaries of the payroll tax ordinances included in the brochures prepared for the 2004 and 2006 tax years.

If there were any "misrepresentations" involved in these summaries, they were misrepresentations of law, not of fact, and thus do not give rise to an estoppel. (See *Jordan v. City of Sacramento* (2007) 148 Cal.App.4th 1487, 1496-1498.) Moreover, Hu Corporation's reliance on the summaries was not reasonable, as a matter of law, inasmuch as the brochures themselves indicated that "[f]or a more precise understanding of these ordinances, reference should be made to the ordinances themselves."

For related reasons, the case on which Hu Corporation relies for its estoppel argument is distinguishable. In that case, *Fischbach & Moore, Inc. v. State Bd. of Equalization* (1981) 117 Cal.App.3d 627, the plaintiff taxpayers relied on formal opinions by the State Board of Equalization and the California Attorney General to the

10

effect that materials used in constructing a power line for a federal agency were exempt from sales tax. (*Id.* at pp. 629-630.) The position taken in those opinions was later repudiated by the courts. (*Id.* at p. 630.) The court held that the plaintiffs were liable for the unpaid sales tax, but not for penalties and interest, because they had "acted in reliance on a specific declaration by the board that no tax would be payable." (*Id.* at p. 633.) The court reasoned that "a taxpayer is not required at its peril to know that a state's administrative rulings are erroneous." (*Ibid.*)

Here, Hu Corporation did not rely on any formal administrative ruling, much less one that expressly addressed the specific issue of the application of the payroll tax to compensation paid to the sole shareholder of a professional corporation. Rather, Hu Corporation chose to interpret to its own advantage the terms "employees" and "payroll," as used in City brochures, even though Hu Corporation's interpretations were at odds with the terms of the payroll tax ordinance itself. Hu Corporation does not point to any evidence in the record that it sought clarification from the City, or relied on any advice it received from any City source other than the brochures. Accordingly, we are not persuaded that the City was estopped from collecting penalties and interest on the unpaid payroll tax.[7]

## IV.

## DISPOSITION

The judgment is AFFIRMED. The City shall recover its costs on appeal.

---

[7] Hu Corporation requests that we enter judgment in its favor under Code of Civil Procedure section 909. As we have rejected all of Hu Corporation's arguments on appeal, we decline to do so.

11

_____
RUVOLO, P. J.


We concur:


_____
RIVERA, J.


_____
HUMES, J.