[Civ. No. 50336. Second Dist., Div. Two. June 2, 1977.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
LYONS BUICK-OPEL-GMC, INC., et al., Real Parties in Interest.

## COUNSEL

Evelle J. Younger, Attorney General, E. Clement Shute, Jr., Assistant Attorney General, Herschel T. Elkins, Michael R. Botwin, Deputy Attorneys General, John K. Van de Kamp, District Attorney, Richard P. Kalustian and Otis L. Hubbard, Deputy District Attorneys, for Petitioner.

No appearance for Respondent.

LaFollette, Johnson, Schroeter & Dehaas, John T. LaFollette and Nancy L. Menzies for Real Parties in Interest.

## OPINION

**ROTH, P. J.**—Proceeding in mandate to review an order of the superior court requiring petitioner to answer six interrogatories without further-objection.

### FACTS

On May 5, 1976, the office of the Attorney General of the State of California filed a complaint against Lyons Buick-Opel-GMC, and some of its officers and directors, (Lyons) alleging violation of Business and Professions Code section 17500; Civil Code sections 3369, 1770, subdivisions (e), (f), (i), and (m); Business and Professions Code section 12024.6; Vehicle Code sections 11713, subdivisions (b), (c), (d), 11713.1, subdivision (a), 5200, 5901, subdivision (b), 5202; California Administrative Code, title 13, sections 405.01, 405.06(f), title 16, sections 3353 and 3353(a); Business and Professions Code sections 9884.9; Penal Code section 484, and various provisions of the Federal Truth in Lending Act.

On October 20, 1976, Lyons filed a second set of interrogatories. to which petitioner objected in part. Lyons then filed a motion to compel further answers, which was heard January 4, 1977, and resulted in an order that petitioner must answer interrogatories[1] 4, 8, 9, 12, 14 and 15 without further objection.

The interrogatories go to a prospective defense, which has not yet been pleaded, that Lyons is being subjected to selective enforcement of the law which, if true, and if the deliberate product of invidious discrimination based upon some improper criterion, would deprive them of equal protection of the law. (*Murgia* v. *Municipal Court,* 15 Cal.3d 286 [124 Cal.Rptr. 204, 540 P.2d 44]).

The objections raised were those of relevancy and governmental privilege as established by Evidence Code section 1040. In its memorandum of points. and authorities in opposition to the motion to compel further answers, petitioner for the first time raises the privilege contained in Government Code section 6254, subdivision (f). Lyons argues that Government Code section 6260 expressly exempts litigation from the strictures of section 6254, subdivision (f). (*Shepherd* v. *Superior Court,* 17 Cal.3d 107 [130 Cal.Rptr. 257, 550 P.2d 161]).

---

[1]These interrogatories and the objections made to them are set forth in Appendix A.

## DISCUSSION

■ After reviewing the transcript of the hearing on the motion to compel answers to the interrogatories to which the People had objected, it is clear that there is no substantial evidence to support the finding of the superior court that disclosure of the matters sought to be discovered is not against the public interest. (Evid. Code, § 1040, subd. (b)(2)). In addition, Lyons has made no showing whatsoever which would even tend to suggest invidious discrimination. ■ Prosecutorial discretion permits the choice among possible defendants which to prosecute, whether to prosecute, and in what order to prosecute. (*People* v. *Montgomery,* 47 Cal.App.2d 1 [117 P.2d 437]; *People* v. *Hess,* 104 Cal.App.2d 642 [234 P.2d 65]; *City of Banning* v. *Desert Outdoor Advertising, Inc.,* 209 Cal.App.2d 152 [25 Cal.Rptr. 621]). ■ We are of the opinion that, absent some substantial and credible showing of invidious discrimination, disclosure of official investigative material is against the public interest.

Let a peremptory writ of mandate issue requiring respondent court to vacate the order of January 4, 1977, requiring petitioner to answer interrogatories numbered 4, 8, 9, 12, 14, and 15, and to enter a new and different order denying the motion of the real parties to compel answers to those Interrogatories.

Fleming, J., and Beach, J., concurred.

---

## APPENDIX A

INTERROGATORY NO. 4
At said meeting, did you, your attorneys or agents, state to defendant, HAROLD S. LYONS, or to his attorney, (either in the following words or in substance) that you were "going after" LYONS BUICK because it advertised in the Los Angeles Times as "everybody reads the Times"?
PLAINTIFF'S RESPONSE TO NO. 4
Plaintiff objects to this interrogatory on the grounds that it is not relevant to the subject matter, not calculated to lead to the discovery of admissible evidence and

on the grounds that the interrogatory is for the purposes of harassment and annoyance, since defendant and its counsel were present at the meeting.

INTERROGATORY NO. 8

In your examination of said tear sheets, did you find any misrepresentations or misleading advertising similar to those you now accuse defendant, LYONS BUICK, of making in its advertisements placed in the Los Angeles Times?

PLAINTIFF'S RESPONSE TO NO. 8:

Plaintiff objects to the interrogatory on the grounds that it is not calculated to lead to admissible evidence, nor is it relevant to the subject matter of this suit. Plaintiff further asserts its privilege for official information pursuant to section 1040 of the Evidence Code. The Attorney General's Office does not publically disclose the identities of the individuals or companies it is investigating. This protects those under investigation from any adverse consequences which may be caused by competitors or other merely because the Attorney General's Office is reviewing their business practices to determine whether any acts of deceptive or unfair business practices may have occurred.

INTERROGATORY NO. 9

If your answer to Interrogatory No. 8 is in the affirmative, please state the number thereof.

PLAINTIFF'S RESPONSE TO NO. 9

See plaintiff's response to Interrogatory No. 8.

INTERROGATORY NO. 12

If you determined that said tear sheets contained any misrepresentations or misleading advertising, please state the following:

(a) The name of the publication in which each ad appeared;
(b) The name of the advertiser who placed each ad;
(c) The date on which each ad appeared; and
(d) The nature and extent of the misrepresentation or fraud therein contained.

PLAINTIFF'S RESPONSE TO NO. 12

See plaintiff's response to Interrogatory No. 8.

INTERROGATORY NO. 14.

If your answer to Interrogatory No. 13 is in the affirmative, please state:

(a) The name of each newspaper which has been investigated;
(b) The date of said investigation; and
(c) The name and address of the person conducting said investigation.

PLAINTIFF'S RESPONSE TO NO. 14

See plaintiff's response to Interrogatory No. 8.

INTERROGATORY NO. 15

If you did make investigations of other newspaper advertisements relating to the sale or lease of automobiles, please list the name and address of each dealer whose ads in said newspapers were suggestive, misleading, or fraudulent. In addition, please indicate what action has been taken by you to ameliorate said situations, and provide the dates of said actions, the name of the individual who took said actions, and the extent of said actions.

PLAINTIFF'S RESPONSE TO NO. 15

See plaintiff's response to Interrogatory No. 8. To the extent plaintiff has filed civil complaints and consequently does not come within the purview of Evidence Code section 1040, plaintiff objects on the grounds that the requested information is a matter of public record and is not discoverable. *See Rules of Court*, Discovery Matters, Rule 251G.