**State of CALIFORNIA, Plaintiff,**

v.

**NEVILLE CHEMICAL CO., Defendant.**

**No. CIV.00–10205 CAS(Ex).**

United States District Court, C.D. California, Western Division.

July 11, 2002.

See also 213 F.Supp.2d 1115 and 213 F.Supp.2d 1134.

Bill Lockyer, Attorney General, Theodora Berger, Senior Assistant Attorney General, Donald Robinson, Supervising Deputy Attorney General, Laurie Pearlman, Deputy Attorney General, Harrison Pollak, Deputy Attorney General, Office of Attorney General of California, Los Angeles, CA, for Plaintiff.

Thomas H. Clarke, Jr., Dennis J. Byrne, Ropers, Majeski, Kohn & Bentley, LLP, San Francisco, CA, for Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

SNYDER, District Judge.

The Court finds plaintiff's motion appropriate for decision without oral argument. Fed.R.Civ.P. 78; Local Rule 7–15.

## I. INTRODUCTION

This case is a cost-recovery action brought by plaintiff State of California on behalf of the Department of Toxic Substances Control ("DTSC") against defendant Neville Chemical Company pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. §§ 9601 *et seq.* In an order dated May 16, 2002, the Court granted plaintiff's motion for summary judgment on the issue of defendant's liability for response costs incurred by plaintiff pursuant to the CERCLA while supervising the cleanup of hazardous materials at defendant's chemical manufacturing facility. In granting summary judgment, the Court found that defendant's affirmative defense of equitable estoppel was not available under CERCLA, but did not explicitly address defendant's counterclaim for equitable estoppel. May 16, 2002 Order Granting Plaintiff's Motion For Summary Judgment ("May 16, 2002 Order"). Defendant communicated to plaintiff that it intended to proceed with its counterclaim.

On May 22, 2002, plaintiff filed an *ex parte* application for "clarification *re* coun-

terclaims," and on May 31, 2002, plaintiff filed a motion for judgment on the pleadings. In both its *ex parte* application and its motion, plaintiff argued that: (1) the Court has already determined the equitable estoppel issue in plaintiff's favor; (2) a party found to be liable pursuant to CERCLA cannot escape liability by claiming equitable estoppel, whether that claim is characterized as an affirmative defense or a counterclaim; (3) California law does not provide for an independent claim for equitable estoppel; and (4) even if defendant were to properly state a counterclaim for equitable estoppel, that claim would fail as a matter of law because defendant cannot establish that DTSC, a government agency, engaged in affirmative misconduct, or that the injury caused to defendant by DTSC's alleged wrongful acts outweighs the damage to the public of imposing liability on DTSC. On June 19, 2002, the Court rejected defendant's counterclaim to the extent it was based on a theory of equitable estoppel because it was merely an attempt to relitigate issues that had already been decided by the Court, and because under California law equitable estoppel acts defensively only and cannot form the basis for an independent claim. June 19, 2002 Order on Plaintiff's *Ex Parte* Application For Clarification Re: Counterclaim and Plaintiff's Motion For Judgment on the Pleadings ("June 19, 2002 Order") at 3. However, the Court found that "defendant's memoranda appear to suggest that its counterclaim is actually based on alleged due process or equal protection violations stemming from plaintiff's alleged disparate treatment of defendant in relation to other CERCLA responsible parties." *Id.* The Court construed defendant's allegations of due process and equal protection violations as a request for leave

to amend the counterclaim, and requested additional briefing as to whether defendant should be permitted to amend the counterclaim. The parties timely submitted supplemental briefs. Defendant attaches a proposed amended complaint to its supplemental brief. The proposed amended complaint contains the following new allegation:

> On information and belief Neville alleges that it has been the victim of a selective enforcement action in violation of Neville's rights to due process and equal protection under the law as guaranteed by Article 1, Section 7 of the California Constitution.[1]

Proposed Amended Counterclaim ¶ 15.

## II. LEGAL STANDARD

 Fed.R.Civ.P. 15(a) provides for the amendment of pleadings by leave of court and notes that such leave "shall be freely granted when justice so requires." *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990). Leave to amend is within the sound discretion of the district court, but denial is proper if the amendment would be futile, if there has been any undue delay, bad faith or dilatory motive on the part of the movant, or if allowing the amendment would result in undue prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Lockman Found., v. Evangelical Alliance Mission*, 930 F.2d 764, 772 (9th Cir.1991).

## III. DISCUSSION

 Plaintiff argues that leave to amend should be denied because defendant's proposed amendment is futile. A proposed amendment is futile if the new claim could be defeated by a motion to

---

1. Article I, Section 7 of the California Constitution states, in relevant part, that "a person may not be deprived of life, liberty, or property without due process of law or denied equal protection of the laws; ...."

dismiss or a motion for summary judgment. *Johnson v. American Airlines, Inc.,* 834 F.2d 721, 724 (9th Cir.1987). Plaintiff argues that there is no basis in law or fact for defendant's due process or equal protection claims brought pursuant to the California constitution.

■ In order to show a violation of due process rights under federal law, defendant would have to demonstrate that plaintiff treated it in a manner that is "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." *Patel v. Penman,* 103 F.3d 868, 874 (9th Cir.1996). Where, as in this case, a party is alleging deprivation of a defined property right, the scope of the California constitution's due process protection is virtually the same as that of the federal constitution. *Traverso v. People ex rel. Dept. of Transportation,* 6 Cal.4th 1152, 1163, 26 Cal.Rptr.2d 217, 864 P.2d 488 (1993); *see also People v. Ramirez,* 25 Cal.3d 260, 268, 158 Cal.Rptr. 316, 599 P.2d 622 (1979) ("the touchstone of due process is the protection of the individual against the arbitrary action of government"). Furthermore, "selective enforcement of valid laws, without more, does not make [a particular enforcement] action irrational." *Freeman v. City of Santa Ana,* 68 F.3d 1180, 1188 (9th Cir.1995) (citing *Bordenkircher v. Hayes,* 434 U.S. 357, 364, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978)). As plaintiff correctly points out, the Court has already ruled that plaintiff's conduct in seeking cost recovery, which forms the basis for defendant's proposed counterclaim for due process violations, was not arbitrary and capricious. June 19, 2002 Order at 3, March 26, 2002 Order Granting in Part Plaintiff's Motion for Summary Judgment at 23. As a result, the Court finds that there is no basis upon which defendant can state a claim for violations of due process.

■ Defendant's proposed equal protection claim is founded on its allegation that it is the "victim of a selective enforcement action." However, under both the federal and California constitutions, selective enforcement of the law does not constitute an equal protection violation unless it is "the deliberate product of invidious discrimination based upon some improper criterion." *People v. Superior Court of Los Angeles County,* 70 Cal.App.3d 341, 343, 138 Cal. Rptr. 791 (1977); *see also United States v. Kidder,* 869 F.2d 1328, 1335 (9th Cir.1989) (" 'the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation' so long as 'the selection was [not] deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification.' ") (quoting *Bordenkircher,* 434 U.S. at 364, 98 S.Ct. 663); *Murgia v. Municipal Court,* 15 Cal.3d 286, 290, 124 Cal.Rptr. 204, 540 P.2d 44 (1975) ("Neither the federal nor state Constitution countenances the singling out of an invidiously selected class for special prosecutorial treatment, whether that class consists of black or white, Jew or Catholic, Irishman or Japanese, United Farm Worker, or Teamster. If an individual can show that he would not have been prosecuted except for such invidious discrimination against him, a basic constitutional principal has been violated, and such a prosecution must collapse upon the sands of prejudice."). Accordingly, in order to maintain a claim for equal protection violations based on selective enforcement, defendant must show that it was selected for enforcement "on the basis of an impermissible ground such as race, religion or exercise of [ ] constitutional rights." *Kidder,* 869 F.2d at 1336. Furthermore, defendant must show that the selective prosecution was "motivated by a discriminatory *purpose.*" *Id.* (quoting *Wayte v. United States,* 470 U.S. 598, 608, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985))

(emphasis added in *Kidder*). Here, defendant has not alleged, much less shown, facts which suggest that it was selected for a CERCLA cost-recovery action on any impermissible ground such as race, religion or the exercise of constitutional rights. In fact, at a earlier stage of the litigation, Neville's counsel stated at oral argument that "[w]e have not alleged that we were treated differently from other people...." Appendix to Pl's. Supp. Brief in Opp'n to Def's. Request to Amend Counterclaim (Transcript of March 11, 2002 hearing) at 12:10–12. In addition, defendant has failed to point to any facts which would indicate that the government had a discriminatory motive in choosing to prosecute him. For these reasons, the Court finds that defendant has stated no basis for going forward with its equal protection claim.[2]

## IV. CONCLUSION

For the reasons discussed above, defendant's request to amend the counterclaim is DENIED. Plaintiff's motion for judgment on the pleadings in therefore GRANTED. Plaintiff shall submit a revised form of judgment to reflect its current attorneys' fees and costs.

IT IS SO ORDERED.

---

**2.** Defendant appears to argue that further discovery as to plaintiff's cost-recovery practices may reveal evidence of discriminatory motive. However, defendant does not support this argument with any showing whatsoever which would tend to suggest invidious discrimination. The Court finds that because on the record before it defendant's discrimination theory is wholly speculative, it would be inappropriate to allow further discovery. *See People v. Superior Court of Los Angeles County*, 70 Cal.App.3d at 344, 138 Cal.Rptr. 791 (holding that the office of the Attorney General was not compelled to answer interrogatories from a defendant in a civil enforcement action concerning its enforcement policies where that defendant had made no preliminary showing of invidious discrimination).